**Terry RICKELS, Appellant,**

v.

**The STATE of Texas.**

**No. 462–02.**

Court of Criminal Appeals of Texas, En Banc.

June 25, 2003.

Sandra Reynolds, Dallas, for appellant.

Matthew Paul, State's Attorney, Austin, for state.

## OPINION

KEASLER, J., delivered opinion of the Court in which COCHRAN, HOLCOMB, HERVEY, PRICE and MEYERS, J.J., joined.

We are asked to decide whether a condition of probation that prohibited Terry Rickels from going "within three hundred (300) feet of any premises where children 17 years or younger congregate or gather" was too vague to be enforced because the condition did not specify how the child safety zone was to be measured. We hold that it was not too vague to be enforced.

*FACTS AND PROCEDURAL HISTORY*

A jury convicted Rickels of indecency with a child by touching and indecency with a child by exposure. On January 21, 1993, he was placed on ten years probation. On February 24, 2000, the trial court amended his conditions, adding several new ones. One condition dictated that Rickels "not go within three hundred (300) feet of any premises where children 17 years or younger congregate or gather."

On September 25, 2000, the State filed a motion to revoke Rickels's probation alleging a violation of this condition. A hearing was held on November 9, 2000, at which time Rickels pled not true. The evidence at the revocation hearing established that on September 12, 2000, Annette Wansbrough, Rickels's probation officer, received notice from the Dallas Police Department that Rickels's residence might be in violation of the 300 foot child safety zone. That same day Wansbrough, along with Field Officer Pearson and a Dallas police officer, went to Rickels's home to measure the distance from his home to a school located nearby.

At the revocation hearing Pearson testified that he measured the distance using a surveyor's wheel. His measurement, which began from the street in line with the corner of Rickels's home to the curb in front of the school, totaled 250 feet. Wansbrough testified she walked with Pearson when he took his measurements. Mike Christopher, a private investigator, testified that he came up with a different measurement. Using a portable roller, he measured 262 feet diagonally from Rickels's estimated property line to the school's northwest curb line. He measured 380 feet from Rickels's estimated property line to the door of the school and over 400 feet from the front door of Rickels's home to the door of the school. The trial court found the allegation to be true, revoked Rickels's probation, and sentenced him to ten years in prison.

Rickels appealed, arguing that the order was too vague to be enforced because it failed to specify how the child safety zone was to be measured. The court of appeals agreed.[1] The court analogized to zoning restrictions which stated the manner in which the measurements were to be made.[2] It reversed the judgment revoking Rickels's probation and remanded to the trial court.[3] We granted the State's petition for discretionary review to determine whether the court of appeals erred.

*ANALYSIS*

*Preservation of Error*

■ Before we can address the issue of vagueness, we must first determine

1. *Rickels v. State,* 69 S.W.3d 775, 778 (Tex. App.-Corpus Christi 2002)

2. *Id.*

3. *Id.*

whether Rickels forfeited the right to complain about the terms of probation. We have held that a defendant "must complain at trial to the conditions he finds objectionable."[4] So by failing to object to the terms and conditions of probation at trial, a defendant affirmatively waives any complaints he may have had.[5] A distinction must be made, however, for those instances when a condition is imposed by way of an amendment to the probation order. The Texas Code of Criminal Procedure confers authority upon the trial court to "at any ... time during the period of community supervision alter or modify the conditions."[6] Under these circumstances, the relevant inquiry is whether the probationer was given an opportunity to object to the modification. In this case, the court modified the terms of Rickels's probation without a hearing, and Rickels had no opportunity to object. We therefore address the merits of his argument.

*Vagueness*

■■■ A court granting probation and its probationer have a contractual relationship.[7] As such, the conditions of probation should be expressed clearly and explicitly so that the probationer understands what is expected of him.[8] Conditions that prohibit a probationer from entering a certain area, such as the one in question, have come under judicial scrutiny due to their ambiguous terms.[9] Such conditions have a tendency to be vague.

But in this case we find no ambiguity. The order mandates that Rickels not go within 300 feet of a child safety zone. Rickels challenges the condition on the basis that it is unclear "how this 300 feet child safety zone is to be measured." He does not argue that the phrase "premises where children 17 years or younger congregate or gather" is unclear. That would be a difficult argument to make, since an elementary school clearly falls within the phrase's meaning. Instead, Rickels argues that it was unclear as to how the distance was to be measured. Specifically, on appeal, Rickels argued that the police arbitrarily determined that the distance of 300 feet was to be measured from the property line of his residence to the property line of the school.

Our reading of the condition presents no such dilemma. It prohibits Rickels himself from going within 300 feet of a child safety zone. It does not matter where his property lines fall. The only measurement that is at issue is from Rickels's body to premises where children congregate. So it does not matter if Rickels's property line is 250 feet or 400 feet from the school. What matters is whether Rickels himself went within 300 feet of it.

In determining where the child safety zone begins, we look to a dictionary definition of the term "premises." Black's Law Dictionary defines premises as "[a] house or building, along with its grounds." So in this instance, the property line of the school is indeed the proper boundary from which to measure. There is nothing vague about a measurement from Rickels's body

---

4. *Speth v. State*, 6 S.W.3d 530, 534 (Tex.Crim. App.1999).

5. *Id.*

6. Tex.Code Crim. Proc. Ann. Art. 42.12, § 11(a) (Vernon 2001).

7. *McDonald v. State*, 442 S.W.2d 386, 387 (Tex.Crim.App.1969).

8. *Id.*

9. Carroll J. Miller, Annotation, *Propriety of Conditioning Probation on Defendant's Not Entering Specified Geographical Area*, 28 A.L.R.4th 725.

to the boundary line of the school. We therefore hold that the challenged condition was not too vague to be enforced.

CONCLUSION

We reverse and remand to the court of appeals to consider the remaining points of error.

KELLER, P.J., concurred in the judgment.

WOMACK, J., filed a concurring opinion in which JOHNSON, J., joined.

WOMACK, J., filed a concurring opinion in which JOHNSON, J., joined.

The Court's description of probation as "contractual" (*see ante,* at 902) is one with which I have recorded my disagreement elsewhere.* This case illustrates the point, since the condition that was involved is not one that the appellant contracted to obey; it was added "without a hearing, and Rickles had no opportunity to object" (*ante,* at 902) or to decline to enter the so—called contract. I agree that "the conditions of probation should be"—indeed, must be—"expressed clearly and explicitly so that the probationer understands what is expected of him" (*ibid.*), but that requirement is one of due process, not contract law. The proper analogy would be to a statute, which must be clear in order to

be enforceable, but its enforceability does not depend on the law of contract.

I therefore, respectfully, join the judgment of the Court but not its opinion.

---

* "I also want to record my disagreement with the Court's continuing to describe probation as contractual, like a grant of clemency. Executive clemency is contractual because it requires acceptance by the convicted person. Probation may be imposed on a defendant who does not wish it, *see Roberson v. State,* 852 S.W.2d 508, 512 (Tex.Cr.App.1993), and it is therefore not contractual. A court (especially one that has imposed probation that was not requested) now has a number of alternatives to revocation for the recalcitrant probationer—as the statute says, community supervision involves 'a continuum of programs and sanctions.' These include 'shock probation,' community-based programs, com-munity corrections facilities, in-patient treatment for substance abuse, house arrest by electronic monitoring, confinement in jail, confinement in a substance abuse treatment facility operated by the Department of Criminal Justice (which looks a lot like a prison), and 'any (other) reasonable condition that is designed to punish, rehabilitate, or reform the defendant.' It is the very ability of the trial court to put a defendant through such a continuum that would make the defendant refuse to enter the contract, and inspire the court to impose probation." *Speth v. State,* 6 S.W.3d 530, 535 (Tex.Cr.App.1999) (Womack, J., concurring) (citations omitted).