THE COURT OF CRIMINAL APPEALS


OF TEXAS







PD-1802-04 & PD-1803-04






ASAD WALI KESARIA, Appellant



v.



THE STATE OF TEXAS





On Discretionary Review of Cases 14-03-00908-CR &


14-03-00909-CR of the Fourteenth Court of Appeals,


Harris County






 Womack, J., delivered the opinion of the Court, in which, Keller, P.J., and
Meyers, Price, Keasler, Hervey, and Cochran, JJ., joined. Holcomb, J.,
concurred in the judgment. Johnson, J., dissented.



 The principal issue in these cases is whether, after a court suspends the imposition of two
sentences that would be served concurrently because they arose from the same criminal episode,
the law permits a judge to impose conditions of probation that a defendant be confined in jail for
two, consecutive periods of 180 days. We hold that it does.

 There also is a question of error preservation. We hold that the requirement of timely
objection does not prevent this appellant from raising his complaint on appeal.

The Previous Proceedings


 In a single trial, a jury found Kesaria guilty of two burglaries that arose from the same
criminal episode. One was a felony of the first degree; the other, of the second degree. In each
case the jury assessed a punishment of ten years in prison and a $10,000 fine, and it recommended suspending the sentences and placing the defendant on community supervision.

 The trial court entered judgments of guilt and concurrent sentences. As the jury's
recommendations required, (1) the judge suspended the imposition of the sentences. He placed
Kesaria on community supervision for a period of ten years in each case.

 The judge imposed conditions of probation in each case. They included confinement in
the county jail for a period of 180 days, which is the longest period permitted by the statute. (2) The
judge ordered that the confinement in one case begin on a certain day, and that on the 180th day
of that confinement, the 180-day confinement in the other case begin. (3) The result would be a total
confinement in the county jail of 359 days. (Another condition implied that there should be a
total of 360 days' confinement; the difference of one day is not material to our decision).

 Kesaria appealed. He argued that the trial judge's imposition of consecutive periods of
confinement totaling more than 180 days as conditions of his probations violated Section 3.03(a)
of the Penal Code, which says, "When the accused is found guilty of more than one offense
arising out of the same criminal episode prosecuted in a single criminal action  the sentences
shall run concurrently."

 The Fourteenth Court of Appeals overruled the appellant's complaint. It held that
community supervision is not part of a sentence, but rather a suspension of a sentence, and thus
not governed by Section 3.03(a). (4) Alternatively, the Court held that, by not objecting at the time
the conditions were imposed by the trial judge, the appellant waived any possible objection, and
failed to preserve any error for review. (5)

 We granted review.

Preservation of Error


 The appellant argues that the Fourteenth Court erred in holding that, because he failed to
object to the conditions of probation at the time of their imposition, and instead raised his
objection for the first time on appeal, he failed to preserve this complaint for appeal. In doing so,
the Fourteenth Court relied in part on our decision in Speth v. State, (6) in which we held that a
defendant who did not object to conditions of probation at trial affirmatively accepted them and
could not complain about them for the first time on appeal. (7)

 A few years later, in Rickels v. State, (8) we distinguished a situation in which the terms of
probation were modified without a hearing. "Under these circumstances, the relevant inquiry is
whether the probationer was given an opportunity to object." (9) We held that the appellant in that
case was not given an opportunity, and we therefore considered the merits of his arguments. The
question here then, is whether the appellant in the instant case had a meaningful opportunity to
object to the imposition of the 180-day sentence conditions during his trial.

 The record in this case shows that, after receiving the jury's verdicts on punishment, the
trial court said:

  I would like to visit with you in the jury room, if I could, after I'm
through with this. You are welcome to stay if you wish. I'm going to pronounce
punishment on Mr. Kesaria and I will set certain terms and conditions. He will be
brought back tomorrow when the probation officer is here to finish that. 

 [I]t's hereby the judgment of the Court, as per the verdict of the jury, that
you be placed on 10 years probation and pay a $10,000 fine in Cause Nos. 955154
and 946507. You will also in each of these cases as a condition of your probation
serve 180 days confinement in the Harris County Jail. You will pay restitution in
an amount to be determined before we leave here today. You will also write a
letter of apology to the complainants in this case. You will -- in keeping with the
restitution amount, you will pay for any damage done to their home, as well as
anything stolen from them in these two burglaries.

 You will have drug and alcohol evaluation and treatment, if necessary.
You will get -- do you have a GED or a high school diploma?


 THE DEFENDANT: Yes, sir.


 THE COURT: Okay. You will show proof of that. You will go to anti-theft classes. And you will also attend the boot camp program.

 Anything further we need to take up at this time?


 [PROSECUTOR]: No, sir.


 [DEFENSE ATTORNEY]: How about community service, Your Honor,
will that be determined at a later date?


 THE COURT: I'm not going to force him to do community service at this
time. His community service to me will be done in jail.

 All right. Take him back.


 It is significant that the judge told the appellant that "in each of these cases" he would
serve 180 days' confinement. But it is also significant that in each of these cases, the court
suspended the imposition of sentence of ten years of imprisonment that would run concurrently,
in compliance with Section 3.03(a) of the Penal Code. Therefore, the trial judge's use of the
words "in each of these cases" did not necessarily convey that the conditions of probation would
operate differently from the sentences. We also notice that at one time the trial judge spoke of the
cases severally ("You will also in each of these cases..."), and at another time, collectively ("You
will write a letter of apology to the complainants in this case."). No other mention of the 180-day
sentences was made before the trial ended. It is simply not clear from the record that the
appellant or his attorney reasonably should have understood from the judge's statement that the
180-day confinements as conditions of probation were to run consecutively.

 This was made clear the following day, when the appellant signed "Conditions of
Community Supervision" in each case. In each case, there were twenty-one conditions. The
documents were identical, with two exceptions. Paragraph 12 of each document required the
appellant to pay a fine and court costs, but Paragraph 12 of one of the documents also required
him to pay fees for supervision, for "laboratory," and for an identification card.

 Paragraph 19 of each document ordered him to serve 180 days in jail. One said "beginning 7-30-2003"; the other said "beginning 1-25-2004." (10)

 Also relevant is Paragraph 20 of each document, which said:

 (20) You are committed to the HCCS&CD Boot Camp beginning UPON COMPLETION OF 360 DAYS IN HARRIS COUNTY JAIL OR WHEN SPACE IS
AVAILABLE. Remain in this facility under custodial supervision and comply
with all program rules, regulations, contracts and guidelines of the facility until
successfully discharged or released by further order of the Court. Report to Court
upon your release from Boot Camp.


 There is no reporter's record of this proceeding. It is not noted on the court's docket
sheets. The record does not show whether either the State or the appellant was represented by
counsel; no counsel signed the conditions. The trial judge did not participate (the conditions were
signed by another judge "for" the trial judge). The appellant and a "court liaison officer" also
signed the conditions.

 We gather, then, that the document was signed in the appellant's meeting with a
community supervision officer, rather than during a hearing before the trial judge. Thus, as in
Rickels, the appellant had no meaningful opportunity to object to these specific conditions of his
probations. We therefore agree with the appellant that he did not "waive," or fail to preserve, his
complaint for appellate review.

Consecutive Conditions of Confinement


 This appeal presents the issue of the trial judge's authority to impose two, consecutive
conditions of confinement in jail for 180 days in these two probations.

 The appellant contends that Section 3.03(a) of the Penal Code, which mandates concurrent sentences for multiple offenses arising out of the same criminal episode that are prosecuted
in a single criminal action, should control his case. He argues that, in deciding that Article 42.12
"somehow trumps" Section 3.03(a), the Court of Appeals erred. We disagree.

 As we stated in Speth, "The Code of Criminal Procedure defines community supervision
as involving a suspension of the sentence. In other words, community supervision is an arrangement in lieu of the sentence, not as part of the sentence." (11) Thus, contrary to the appellant's
assertions, the Fourteenth Court did not create any conflict between Section 3.03(a) of the Penal
Code and Article 42.12 of the Code of Criminal Procedure. Section 3.03(a) applies to the trial
court's discretion to cumulate sentences for multiple offenses adjudicated in the same trial. In the
appellant's case, the two ten-year probated sentences he received from the jury were ordered to
run concurrently, which fully complied with Section 3.03(a).

 The appellant directs us to Pettigrew v. State, (12) in which a defendant had received a ten-year, probated sentence for aggravated sexual assault. Two years later, he was convicted of
murder in a separate incident and sentenced to seventy-five years' imprisonment. After assessing
punishment for the murder conviction, the trial court revoked the appellant's community
supervision, and cumulated his ten-year sentence with his seventy-five-year sentence. Pettigrew
argued that such cumulation was not permitted by the cumulation statute, Article 42.08 of the
Code of Criminal Procedure. (13) We held that Article 42.08 is not so limited, and that it gave
discretion to trial courts to cumulate sentences in that manner. (14) But Pettigrew dealt with a
situation completely different from the appellant's, in which both punishments were pronounced
at the same time and were ordered to run concurrently.

 The limits of the trial judge's authority to impose conditions of probation are, not in
Section 3.03(a) of the Penal Code or Article 42.08 of the Code of Criminal Procedure, but in
Article 42.12 of the Code of Criminal Procedure. Section 11(a) of that Article says:

 The judge of the court having jurisdiction of the case shall determine the conditions of community supervision . The judge may impose any reasonable
condition that is designed to protect or restore the community, protect or restore
the victim, or punish, rehabilitate, or reform the defendant. Conditions of community supervision may include, but shall not be limited to [twenty-four specified
conditions]. (15)


 Some of the twenty-four enumerated conditions actually may be understood as limitations on the
court's authority to impose conditions of those types. Others may be viewed as legislative
declarations that a particular condition is reasonable.

 In addition to those general declarations, special restrictions have been imposed on
certain kinds of conditions. Orchiectomy may not be a condition. (16) The trial court's authority to
order a defendant to make payments has been limited to payments of "fines, court costs,
restitution to the victim, and other conditions related personally to the rehabilitation of the
defendant." (17) The court has some obligation to see that probationers attain a sixth-grade level of
educational skills, if they can. (18) The court must impose certain conditions on persons convicted
of certain offenses, such as intoxicated-driving offenses, (19) "hate crimes," (20) sexual offenses
against children, (21) certain other sexual offenses, (22) certain drug offenses, (23) trash burning, (24) and
abduction of children. (25)

 But, in general, Article 42.12 grants broad discretion to trial judges to determine the
conditions of community supervision. Section 1 of the article, which is captioned "Purpose,"
says:

 It is the purpose of this article to place wholly within the state courts the responsibility for determining when the imposition of sentence in certain cases shall be
suspended, the conditions of community supervision, and the supervision of
defendants placed on community supervision, in consonance with the powers
assigned to the judicial branch of this government by the Constitution of Texas. It
is the purpose of this article to remove from existing statutes the limitations, other
than questions of constitutionality, that have acted as barriers to effective systems
of community supervision in the public interest.


 Section 12(a) of Article 42.12 authorizes a judge with jurisdiction of a felony case to
require a defendant who has been convicted to submit to a period of confinement in a county jail
not to exceed 180 days, even when a jury has recommended probation. There is a statutory limit
on that authority; Section 12(b) says that, when the judge also requires a defendant to serve a
term in a community corrections facility, the total time served in such a facility and in a jail may
not exceed 24 months. Nothing else in the article limits the judge's authority to require confinement in jail for each offense of which a defendant is convicted.

 If Section 12(a) authorizes a condition of confinement of jail for up to 180 days for a
probationer who has been convicted in a felony case, as it clearly does, we cannot say that the
authority of the statute is exceeded by another such condition of probation for a probationer who
has been convicted in another felony case. A decision that more convictions result in more
confinement is consonant with the policy of the criminal law.

 The appellant also argues, "The probations could not be stacked. Their conditions,
obviously, are not subject to stacking." (26) If, by "stacked," the appellant means that the ten-year
periods of probation could not made consecutive, a statute supports his argument. (27) But this does
not mean that the combined conditions of probation in two cases could not have a more onerous
effect than the conditions in one case.

 Finding no limitation on the judge's authority in the statutes, and not having been
presented with any questions of constitutionality, we uphold the trial judge's decision.

 We affirm the judgment of the Court of Appeals.


Delivered April 5, 2006.

Publish.
1. See Code Crim. Proc., art. 42.12, § 4(a) ("A judge shall suspend the imposition of the sentence and place
the defendant on community supervision if the jury makes that recommendation in the verdict").
2. See id., § 12(a) ("If a judge having jurisdiction of a felony case requires as a condition of community
supervision that the defendant submit to a period of confinement in a county jail, the period of confinement may not
exceed 180 days ").
3. "You are ordered to serve not less than and no more than 180 days in the Harris County Jail beginning 7-30-2003." Conditions of Community Supervision in PD-1802-04. 

 "You are ordered to serve not less than and no more than 180 days in the Harris County Jail beginning 1-25-2004." Conditions of Community Supervision in PD-1803-04.
4. Kesaria v. State, 148 S.W.3d 634, 643-44 (Tex. App. -- Houston [14th] 2004).
5. Id., at 644.
6. 6 S.W.3d 530 (Tex. Cr. App. 1999).
7. Id., at 534-35.
8. 108 S.W.3d 900 (Tex. Cr. App. 2003).
9. Id., at 902.
10. See supra, note 3.
11. 6 S.W. 3d, at 532 (emphasis in original).
12. 48 S.W.3d 769 (Tex. Cr. App. 2001).
13. "(a) Except as provided by Sections (b) and (c) of this article [which, respectively, require a court to
cumulate a sentence for an offense committed by a prison inmate and forbid a court to order sentence of confinement
to begin after completion of probation], in the discretion of the court, the judgment in the second and subsequent
convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence
imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended
shall run concurrently with the other case or cases, and sentence and execution shall be accordingly; provided,
however, that the cumulative total of suspended sentences in felony cases shall not exceed 10 years ."
14. Pettigrew, 48 S.W.3d, at 772-73.
15. Code Crim. Proc. art. 42.12, § 11(a).
16. Id., § 11(f).
17. Id., § 11(b). See also Code Crim. Proc. art. 42.037 (captioned "Restitution").
18. See Code Crim. Proc. art. 42.12, § 11(c).
19. Id., § 13.
20. Id., § 13A.
21. Id., § 13B.
22. Id., §§ 11(e) & 19(e).
23. Id., § 15(c)(2) & (3).
24. Id., § 16(e).
25. Code Crim. Proc. art. 42.0371.
26. Brief, at 12-13 (emphasis omitted).
27. See Code Crim. Proc. art. 42.08(a) ("the cumulated total of suspended sentences in felony cases shall
not exceed 10 years").