

# NUMBER 13-12-00562-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JUAN JOSE LUCIO,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

## On appeal from the 398th District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides and Longoria
### Memorandum Opinion by Justice Benavides

Appellant Juan Jose Lucio appeals his convictions for five counts of indecency with a child, *see* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011), by asserting that the trial court coerced a verdict by a *sua sponte* communication with the jury during its deliberations.   We affirm.

# I.    BACKGROUND

Two separate Hidalgo County grand juries indicted Lucio on a total of five counts of indecency with two different children.   *See id.*   The allegations arose from outcry statements made by brothers J.C. (two counts) and D.C. (three counts), who accused Lucio, their former little league baseball coach, of committing the alleged offenses when they were younger and during a time when they both played baseball for him.

The causes were consolidated and tried before a Hidalgo County jury.   After both sides rested and closed during the guilt-innocent phase of trial, the jury retired to deliberate.   During deliberations, the trial court sent a note *sua sponte* to the jury which asked:   "Are you close to reaching a verdict?"   The jury responded with a note that said: "About an hour more or less[.]"   At that point, the trial court called the jury back into the courtroom, released them for the day, and ordered them to resume deliberations at 8:30 a.m. the next morning.

The next day, the jury deliberated for a little more than an hour before returning guilty verdicts against Lucio on all five counts.   During the punishment phase, the jury sentenced Lucio to ten years' imprisonment for each count, and the trial court ordered that each sentence run concurrently.   This appeal followed.

# II.    COMMUNICATION WITH THE JURY

By one issue, we are asked to determine whether the trial court's *sua sponte* communication with the jury during deliberations amounted to reversible error.

**A. Waiver**

As a threshold matter, we must first determine whether Lucio properly preserved error for review. *See Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion."). Generally, error is preserved if the record shows that (1) a specific complaint was made to the trial court by request, objection, or motion; and (2) the trial court ruled on the complaint or refused to rule and the party objected to the refusal. *See* TEX. R. APP. P. 33.1(a). To be timely, an objection must be made as soon as the basis for the objection becomes apparent. *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997) (en banc).

Here, no objection was raised about the trial court's *sua sponte* communication with the jury. However, Lucio argues that he failed to object because he was not aware that the judge had sent the note to the jurors and thus not given an opportunity to do so. We agree. The record is silent as to whether the State and/or Lucio were consulted or advised prior to the trial court sending its communication to the jury. Accordingly, we will address the merits of Lucio's sole issue on appeal. *See Rickels v. State*, 108 S.W.3d 900, 902 (Tex. Crim. App. 2003) (en banc) (finding no waiver of error when a defendant was not given an opportunity to object to a trial court's modification of community supervision).

**B. Discussion**

The jury retired to deliberate Lucio's guilt-innocence at 1:58 p.m. on June 20, 2012. At 4:40 p.m., the trial court sent a message *sua sponte* to the jury asking "are you close to reaching a verdict," to which the jury immediately responded with "about an

hour[,] more or less." At 4:49 p.m., the trial court called the jury back into the courtroom and stated the following:

> Okay. Ladies and gentlemen, you've been deliberating since a little before 2:00 o'clock. It's almost three hours that you've done plus what you saw in the video. And we're going to go ahead and recess until tomorrow morning. Come back at 8:30 in the morning. Is that convenient for everybody? Or y'all still want the 9:00 o'clock, 9:30? Is 8:30 fine? You'll report directly to the jury room and commence your deliberations. I have a full docket in this courtroom. It's going to be packed in here tomorrow. You will continue your deliberations. If you have any questions, again, put them in writing. When you reach a verdict, put it in writing and I'll make room for you-all to come in and receive the verdict so I won't keeping [sic] you waiting unnecessarily.

At that point, the trial recessed until the next morning. The next day, the jury deliberated until 9:54 a.m. and found Lucio guilty on all counts. Lucio argues that the trial court's *sua sponte* note amounted to reversible error because it coerced the jury into reaching a verdict.

Article 36.27 of the code of criminal procedure lays out applicable guidelines for how a court may communicate with a jury. *See* TEX. CODE CRIM. PROC. ANN. art. 36.27 (West 2006). The statute states the following:

> When the jury wishes to communicate with the court, it shall so notify the sheriff, who shall inform the court thereof. Any communication relative to the cause must be written, prepared by the foreman and shall be submitted to the court through the bailiff. The court shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.

*Id.*

4

Several cases have held, however, that a communication between the court and the jury, although not made in compliance with provisions of the statutes but which does not amount to an additional instruction by the court upon the law or some phase of the case, does not constitute reversible error.[1]  *See McGowan v. State*, 664 S.W.2d 355, 358 (Tex. Crim. App. 1984) (en banc); *Nacol v. State*, 590 S.W.2d 481, 486 (Tex. Crim. App. 1979) (panel op.); *see also Lopez v. State*, No. 11-02-00366-CR, 2004 WL 292043, at *3–*5 (Tex. App. —Eastland Feb. 12, 2004, pet. ref'd) (not designated for publication).

Here, the record is silent as to whether the trial court complied with the procedural guidelines set forth in article 36.27.  *See* TEX. CODE CRIM. PROC. ANN. art. 36.27. Nevertheless, we conclude that even if procedural failures took place, such errors were not grounds for reversal because the trial court's note to the jury did not amount to an additional instruction upon the law or some phase of the case.  *McGowan*, 664 S.W.2d at 358; *see also* TEX. CODE CRIM. PROC. ANN. art. 36.27.  Instead, the trial court's communication simply sought guidance from the jury to determine whether and when to adjourn the proceedings for the day.  Furthermore, we do not construe the trial court's communication as coercive because the record shows that the jury was not forced to deliberate into the evening hours, was allowed the opportunity to return the next morning to deliberate, and was given the appropriate accommodations for such continued deliberations the next day, despite the trial court's "full docket."  *See Arrevalo v. State*, 489 S.W.2d 569, 572 (Tex. Crim. App. 1973) (finding no coercion in a trial court's reply to

---

[1] We will not reverse a judgment of conviction on a constitutional error unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment; and on any other errors, we will not reverse unless a showing is made that such error affected the substantial rights of the defendant.  *See* Tex. R. App. P. 44.2.  Here, the trial court's error neither contributed to Lucio's conviction or punishment, nor was a showing made that it affected Lucio's substantial rights.  Accordingly, the error is not grounds for reversal.

a jury's question).   Lucio's sole issue is overruled.

### III.   CONCLUSION

We affirm the trial court's judgments.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
18th day of July, 2013.