

NUMBER 13-13-00150-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MELISSA ANN MERCER,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 156th District Court
### of Bee County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Longoria

By two issues, appellant Melissa Mercer challenges the trial court's judgment revoking her community supervision and sentencing her to two years' confinement in state jail. Appellant specifically challenges the assessment of $160 for the costs of her confinement in county jail while still on community supervision and also asks us to

modify the judgment to reflect the correct balance remaining on the unprobated fine and court costs. We affirm as modified.

## I. BACKGROUND

The State charged appellant with debit card abuse, a state jail felony. *See* TEX. PENAL CODE ANN. § 32.31(b)(1)(a) (West 2011). Appellant pleaded guilty pursuant to a plea bargain. The trial court accepted appellant's plea and imposed a sentence of two years in state jail and a $1,000 fine. The trial court suspended the prison term and placed appellant on community supervision for a term of five years, but did not suspend the fine, and also assessed court costs.

The trial court subsequently modified the conditions of appellant's supervision four times to require appellant to spend a certain amount of time in county jail. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 12(c) (West Supp. 2011). The trial court's orders also required appellant to reimburse the sheriff for the expenses of each period of incarceration.

On August 3, 2012, the probation department issued a status report indicating that appellant owed $160 for the time she spent in jail pursuant to the trial court's orders. In an order deciding that appellant's case would not be reviewed for early termination, the court determined that this figure was correct.

In January of 2013, the State filed a motion to revoke, alleging twenty-four violations of the conditions of appellant's community supervision. Two of the alleged violations related to the reimbursement of costs assessed in the modification orders. The State alleged that appellant owed a total of $160 in restitution: $80 on a $200 assessment that was made in February 2011, and the full amount of an $80

assessment made in August 2011.  The State also alleged that appellant still owed

$540 on the $1,000 fine and $60 on the assessment of $300 in court costs.[1]

At the revocation hearing, the State abandoned five of the allegations.  Appellant

pleaded "true" to the remaining allegations, including the allegations regarding

reimbursement and the delinquent balances on the court costs and the fine, and

requested that the court revoke her probation and impose the original sentence.  The

trial court revoked appellant's supervision and imposed the sentence "along with the

balance of unpaid fines, fees, court costs, and restitution."  This appeal followed.

## II. DISCUSSION

### A.  Reimbursement[2]

By her first issue, appellant asks this Court to reform the judgment by striking the

portion assessing $160 in reimbursement.  Appellant argues that the trial court lacked

authority to order appellant to repay the costs of her confinement because the trial court

only possesses that authority in misdemeanor cases.  *See* TEX. CODE CRIM. PROC. ANN.

art. 42.038(b) (West 2006).  The State responds that appellant has waived any

objection to the modifications by failing to object.

As a general matter, the State is correct that a defendant must object to a

condition of probation at the time that it is imposed.  *Speth v. State*, 6 S.W.3d 530, 534

(Tex. Crim. App. 1999) (explaining that "conditions not objected to are affirmatively

accepted"); *see Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002).  However,

---

[1] The other grounds alleged by the State involved possession of drugs and drug paraphernalia, failure to report to her supervision officer, and giving a false name to a peace officer.

[2] Appellant and the State use the term "restitution" to refer to the trial court's order that appellant repay the costs of her confinement in county jail.  We will use the term "reimbursement" because the code of criminal procedure generally uses the term "restitution" to refer to money that is paid to the victim of a crime or to another person or agency that had compensated the victim for the loss sustained by the crime.  *See* TEX. CODE CRIM. PROC. ANN. art.  42.037 (West Supp. 2011).

the Texas Court of Criminal Appeals has recognized an exception to this rule when the probationer did not have an opportunity to object, such as when the trial court modifies the conditions of probation without a hearing. *Rickels v. State*, 108 S.W.3d 900, 902 (Tex. Crim. App. 2003) (en banc). Our review of the record reveals that each of the trial court's orders requiring appellant to spend a certain period in jail and to repay the costs of her confinement were entered without a hearing. Because appellant did not have the opportunity to object each time the trial court modified the conditions of her probation, we will address the merits of her argument. *See id.*

Appellant argues that because she had been convicted of a state jail felony, the trial court did not have the authority to order her to repay the costs of her confinement in county jail. Appellant argues that by its express terms, article 42.038(b) only authorizes a judge to require reimbursement of confinement costs in misdemeanor cases, and that there is no parallel statute authorizing reimbursement in felony cases. *See* TEX. CODE CRIM. PROC. ANN. art. 42.038(b).[3] As the Texas Court of Criminal Appeals explained, in felony cases "the trial court does indeed retain authority to impose confinement in jail as a condition of community supervision 'at any time during the supervision period.'" *Johnson v. State*, 286 S.W.3d 346, 351 (Tex. Crim. App. 2009); *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 12(c). However, we see nothing in the statute that authorizes the trial court to order a probationer in a felony case to reimburse the cost of her

---

[3] Article 42.038(b) reads:

> A court that requires a defendant convicted of a misdemeanor or placed on deferred adjudication for a misdemeanor to submit to a period of confinement in county jail as a condition of community supervision may also require as a condition of community supervision that the defendant reimburse the county for the defendant's confinement, with the amount of reimbursement determined as if the defendant were serving an executed sentence.

TEX. CODE CRIM. PROC. ANN. art. 42.038(b)

4

confinement.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 12(c); *see also id.* § 11(b) (West Supp. 2011) ("A judge may not order a defendant to make any payments as a term or condition of community supervision, except for fines, court costs, restitution to the victim, and other conditions related personally to the rehabilitation of the defendant or otherwise expressly authorized by law.").

Because we conclude that the trial court did not have the express authority to order appellant to reimburse the cost of her confinement, we sustain appellant's first issue and reform the judgment to delete the $160 in reimbursement.  *See Beedy v. State*, 250 S.W.3d 107, 112 (Tex. Crim. App. 2008) (observing that "when a trial court imposes an invalid condition, the proper remedy is to delete the condition." (quotations omitted)).

## B.  Modification

The written judgment in this case recites that appellant still owes the complete $1,000 fine and $300 in court costs.  Appellant argues that this does not comport with the oral pronouncement of sentence because the trial court imposed the "original sentence . . . two years in state jail with the balance of the unpaid fine, fees, costs, and restitution," and in its motion to revoke the State agreed that appellant had already paid $460 of the fine, leaving a balance of $540, and had paid $240 in court costs, leaving a balance of $60.  Appellant asks us to modify the judgment to reflect those figures, and the State does not contest appellant's request.  Accordingly, we sustain appellant's second issue and amend the judgment to reflect that she has a remaining balance of $540 on the fine and a balance of $60 in court costs.  *See* TEX. R. APP. P. 43.2(b) (appellate courts may modify the judgment of the trial court and affirm as modified);

5

*French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (observing that appellate courts have the authority to modify the judgment to speak the truth "when the matter has been called to its attention by any source"). We sustain appellant's second issue.

### III. CONCLUSION

We modify the judgment to delete the $160 in restitution and to reflect that appellant has a remaining balance of $540 on her fine and a balance of $60 on the assessment of court costs. We affirm as modified.

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of November, 2013.

6