

## NUMBER 13-12-00652-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI − EDINBURG

**PAMELA DAWN RIES,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

### On appeal from the 371st District Court of Tarrant County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Chief Justice Valdez

Appellant, Pamela Dawn Ries, entered an open plea of guilty to the felony offense of driving while intoxicated, felony repetition. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b) (West Supp. 2011). The trial court sentenced Ries to ten years' confinement, suspended the sentence, and placed Ries on community supervision for a period of ten years. As a condition of community supervision, the trial court ordered that Ries remain in a Substance Abuse Felony Punishment Facility ("SAFP") operated by the Community Justice Assistance Division for no more than one (1) year, beginning

when bed space was available. The trial court further ordered that Ries "Remain in the Tarrant County jail until bed space [was] available in the Substance Abuse Felony Punishment Facility program." By one issue, Ries contends that reversal is required because the trial court could not impose a jail sentence of more than 180 days pursuant to section 12(a) of article 42.10 of the Texas Code of Criminal Procedure.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 42.10 § 12(a) (West Supp. 2011). We affirm.

## I.     DISCUSSION[2]

The court of criminal appeals held in *Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999) that a defendant cannot complain about the conditions of community supervision on appeal if the defendant failed to object when the complained-of conditions were imposed. The court explained that

> [a]n award of community supervision is not a right, but a contractual privilege, and conditions thereof are terms of the contract entered into between the trial court and the defendant. Therefore, conditions not objected to are affirmatively accepted as terms of the contract. Thus, by entering into the contractual relationship without objection, a defendant affirmatively waives any rights encroached upon by the terms of contract.

*Id.* at 534–35. In *Rickels v. State*, the court of criminal appeals, citing *Speth* stated, "a defendant 'must complain at trial to the conditions he finds objectionable.' So by failing to object to the terms and conditions of probation at trial, a defendant affirmatively waives any complaints he may have had." 108 S.W.3d 900, 902 (Tex. Crim. App. 2003). The *Rickels* court, however, set out that an exception applies when the defendant has not had an opportunity to object to the complained-of conditions. *Id.*

---

[1] Article 42.10 section 12(a) states, "If a judge having jurisdiction of a felony case requires as a condition of community supervision that the defendant submit to a period of confinement in a county jail, the period of confinement may not exceed 180 days." *See* TEX. CODE CRIM. PROC. ANN. art. 42.10 § 12(a) (West Supp. 2011).

[2] This case is before the Court on transfer from the Second Court of Appeals in Fort Worth pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

Here, at the trial on punishment, the trial court explained to Ries that it would suspend her sentence and order her to comply with certain conditions of community supervision. The trial court stated, in relevant part,

> The very first and foremost [condition] is going to be that you go in custody today to wait for a bed at Special Needs SAFP. If anybody ever needed SAFP, ma'am, that would be you. I don't send people to rehab as a punishment. It is a chance for you to change your life. SAFP is not a program that anyone comes back from saying what a good time they had. Most people do come back from it saying that they learned a lot and that they have an opportunity to change their life. And that's what I expect you to do.

The trial court explained other conditions of community supervision that Ries would be required to follow and asked Ries, "Do you think you're going to be able to do that," to which Ries "nodded her head." Ries did not object.

Because Ries did not object when the opportunity arose at the time the trial court imposed its conditions of community supervision,[3] she cannot now challenge them on appeal. *See id.*[4] Accordingly, we overrule Ries's sole issue.

## II. CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of December, 2013.

---

[3] In her brief, Ries "admits there was no objection to this failure and also admits it is possible the treatment program will not require more than six months confinement."

[4] Ries had an opportunity to object to the complained-of condition of supervision.