ACCEPTED
06-14-00209-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/22/2015 4:41:24 PM
DEBBIE AUTREY
CLERK

Nos. 06-14-00209-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
1/26/2015 1:46:00 PM
DEBBIE AUTREY
Clerk

# In the
# Sixth Court of Appeals
# at Texarkana, Texas

_____

Kelvin Shamar Moore, Jr.,

Appellant,

v.

The State of Texas,

Appellee.

_____

On Appeal from the
6th District Court of Red River County
Hon. Eric Clifford, Presiding

_____

**APPELLANT'S BRIEF**

Don Biard
State Bar No. 24047755
Counsel for Appellant

**ORAL ARGUMENT NOT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

*Defendant Below*
*Appellant in this Court*

Kelvin Shamar Moore

Counsel for Appellant:

    Don Biard                     (on appeal)
    State Bar No. 24047755
    38 First Northwest
    Paris, Texas 75460
    Tel:  (903)785-1606
    Fax: (903)785-7580
    Email:  dbiard@att.net

    Dan Meehan                 (at trial)
    State Bar No. 13898700
    202 West Madison
    Clarksville, Texas 75426
    Tel:  (903)427-4547
    Fax:  (903)427-4549

*Appellee in this Court*

The State of Texas

Counsel for Appellee:

    Hon. Val Varley
    State Bar No. 20496580
    Red River County Attorney's Office
    400 North Walnut
    Clarksville, Texas 75426
    Tel:  (903)427-2009
    Fax: (903)427-5316

# TABLE OF CONTENTS

Identity of Parties and Counsel………………………………...........………………….…1

Table of Contents…………………………………...........………………………….2

Index of Authorities…………………………………………...…………………....3

Summary of the Argument...................................................................................4

Statement of the Case…………………………………….………………………...5

Issues Presented………………………………………...........…………..…………5

Procedural History………………………………………….…………………......6

Facts………………………………………………………………….....7

Argument and Authorities……………………………………….…………..........8-12

Prayer…………………………………………………………….…….13

Certificate of Service……………………………………...…………………14

Certificate of Compliance With Rule 9.4(i)(3)........................................................15

# INDEX OF AUTHORITIES

## Caselaw

*Burt v. State*, 396 S.W.3d 574, 578 (Tex. Crim. App. 2013)....................................9

*Cobb v. State*, 95 S.W.3d 664, 666 (Tex. App.—Houston [1st Dist.] 2002).............9

*Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992)..........................................8,9

*Mayer v. State, 309, S.W.3d 552 (Tex. Crim. App. 2010)*........................................12

*Rickels v. State*, 108 S.W.3d 900, 902 (Tex. Crim. App. 2002)...............................9

*Rodriguez v. State,* 2013 Tex. App. LEXIS 847 (Tex. App. Texarkana, 2013)......12

## Rules of Procedure

Tex. R. App. Pro. 21.4................................................................................9

Tex. Code Crim. Pro. 26.04......................................................................11

Tex Code Crim. Pro. 26.05........................................................................11

## SUMMARY OF THE ARGUMENT

The trial was required to conduct a sentencing hearing after adjudicating Appellant guilty but before rendering a sentence. The trial court failed to do so and Appellant had no opportunity to object. Further, Appellant was without the assistance of counsel who could have filed a motion for new trial within the time allowed by the rules of appellate procedure.

Additionally, Appellant was ordered to pay the costs of his court appointed counsel. Appellant was found to be indigent both before and after his revocation hearing and no contrary finding has been entered. Therefore, it was error for the trial court to order Appellant to pay the costs of his court appointed counsel.

## STATEMENT OF THE CASE

*Nature of the Case:*        Motion to Adjudicate Guilt on one charge of Possession of a Controlled Substance.

*Trial Court:*        The Honorable Eric Clifford
6th District Court, Red River County, Texas

*Trial Court Disposition:*        The trial court revoked Appellant's community supervision, adjudicated Appellant guilty on the charge, and sentenced Appellant to 12 years' imprisonment.

## ISSUES PRESENTED

**I. Whether the trial court erred in failing to conduct a sentencing hearing after adjudicating Appellant's guilt?**

**II. Whether the trial court erred in assessing attorney's fees against Appellant?**

## PROCEDURAL HISTORY[1]

On April 14, 2014, Appellant, Kelvin Shamar Moore, Jr., was placed on deferred adjudication community supervision for one charge of Possession of a Controlled Substance.[2] On July 21, 2014, the state filed a motion to adjudicate guilt.[3] Moore was appointed trial counsel on September 24, 2014.[4] A hearing was held on the motion on October 30, 2014.[5] The trial court revoked Moore's community supervision, adjudicated him guilty, and sentenced Moore to 12 years' imprisonment.[6] Moore timely filed notice of appeal.[7]

---

[1] All references to the record on appeal are made in the following manner: CR pg.# and RR, pg.#. CR designates the Clerk's Record and RR designates the Reporter's Record, followed by the particular page in that record. RR Ex.# designates a particular exhibit in the Reporter's Record.
[2] CR, pg. 44
[3] CR, pg. 52
[4] CR, pg. 61
[5] RR, pg. 1
[6] CR, pg. 64
[7] CR, pg. 70

## FACTUAL BACKGROUND

The State's motion to revoke community supervision included several alleged violations of Moore's conditions of community supervision. Among these were failure to pay required fees and commission of two separate criminal offenses.[8] Moore plead true to the allegations.[9]

After hearing some brief testimony from two state's witnesses and Moore himself, the trial court revoked Moore's community supervision and adjudicated Moore guilty of the underlying offense. Immediately after, without requesting or hearing any additional evidence, the trial court immediately sentenced Moore to 12 years' imprisonment.[10]

---

[8] CR, pgs. 53-54
[9] RR, pg. 6-7
[10] RR, pg. 33-34

# ARGUMENT AND AUTHORITIES

**Issue No. 1 Restated:  The trial court erred in failing to conduct a sentencing hearing before sentencing Appellant.**

**a.  Appellant asks this court to reconsider its earlier opinion in a similar case.**

Appellant acknowledges that this court has recently rejected a similar argument to the one presented here.[11]  However, Appellant respectfully requests this court reconsider its decision in that case.

**a.  Appellant was denied a sentencing hearing.**

"When a trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court must then conduct a second phase to determine punishment."[12]

In *Issa v. State*, the defendant was adjudicated guilty of theft and then immediately sentenced to a period of 10 years' imprisonment.  Issa did not object to the lack of a sentencing hearing at the hearing.[13]  Issa later filed a motion for new trial raising the objection for the first time.

---

[11] *See Kinslow v. State,* Case No. 06-14-00083-CR, Sixth Court of Appeals – Texarkana (2014)
[12] *Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992)
[13] *Issa* at 160

The motion for new trial was denied and the case was appealed.  The Waco Court of Appeals held that because Issa did not object at the hearing, he had failed to preserve any issue for review.[14]

On discretionary review, the Court of Criminal Appeals disagreed.  It held that because the trial court had immediately sentenced Issa after adjudicating his guilt, Issa had been afforded no opportunity to object at the hearing.[15]  The court held that Issa was entitled to a sentencing hearing and that raising the objection for the first time in his motion for new trial preserved the error for appellate review.[16]

The record in our case clearly reflects that the trial court immediately sentenced Moore after adjudicating his guilt without taking evidence on punishment.[17]  Although there was no objection at the hearing, as in *Issa*, Moore had no opportunity to do so.

**b.  Preservation of Error**

Unlike in *Issa*, there was no motion for new trial filed in this case. However, when an Appellant does not have the opportunity to object he generally does not forfeit his right to complain on appeal.[18]  Moore did not have an

---

[14] *Id.*

[15] *Id.* at 161

[16] *Id.*

[17] RR, pgs, 33-34

[18] *Burt v. State*, 396 S.W.3d 574, 578 (Tex. Crim. App. 2013); *citing Rickels v. State*, 108 S.W.3d 900, 902 (Tex. Crim. App. 2002); and *Cobb v. State*, 95 S.W.3d 664, 666 (Tex. App.— Houston [1st Dist.] 2002).

opportunity to object during the hearing. Further, Moore effectively had no opportunity to object via a motion for new trial.

A motion for new trial in a criminal case must be filed within 30 days after the court imposes a sentence.[19] Moore was sentenced on October 30, 2014. Therefore, the deadline for filing a motion for new trial would have expired on November 30, 2014.

Moore's trial counsel was relieved and Moore was appointed appellate counsel on November 25, 2014.[20] The reporter's record was filed in this court on December 8, 2014 and the clerk's record on December 23, 2014. Therefore, during the timeframe the Moore could have filed a motion for new trial — October 30, 2014 to November 30, 2014 — Moore was without the assistance of counsel who could have known of the relevant facts necessitating such a motion. Accordingly, Moore effectively had no opportunity to object to the trial court's error either at the hearing or via a motion for new trial.

---

[19] Tex. R. App. Pro. 21.4
[20] CR, pg. 74

**Issue No. 2 Restated:  The trial court erred in assessing $1,931.25 in attorney's fees against Appellant because there was no determination made that Appellant had the financial ability to pay those costs.**

In its written Judgment of Conviction, the trial court assessed court costs and attorney's fees of $3,526.25 against Appellant.[21]  The clerk's certificate of costs indicates that $1,931.25 of these costs are attributable to the costs of Appellant's appointed trial counsel.[22]

Before trial, a magistrate determined that Appellant was indigent and therefore appointed trial counsel to represent him.[23]  After his conviction, Appellant filed a Pauper's Oath and the trial court appointed counsel to represent him on appeal.[24]  The record does not reflect any evidence of a change in Appellant's ability to pay his attorney's fees.  Nor does it reflect any determination made by the trial court that Appellant is no longer indigent.  In fact, in the order appointing appellate counsel, the trial court found that Appellant was "too poor to employ counsel for his appeal."[25]

The costs of appointed counsel may be imposed against a defendant if the court finds that the defendant "has financial resources that enable him to offset in part or in whole the costs of the legal services provided."[26]  A finding of indigency

---

[21] CR, pg. 64
[22] CR, pg. 77
[23] CR, pg. 62
[24] CR, pg. 74
[25] CR, pg. 74
[26] Tex. Code Crim. Pro. Art. 26.05(g)

continues until a contrary finding has been made by the court.[27] This Court has previously held that, "Where the record fails to establish and support a defendant's financial ability, a trial court errs if it orders the reimbursement of attorney's fees."[28]

The record before this Court does not establish Appellant's financial ability to pay for his court appointed counsel. Therefore, the trial court erred in assessing $1,931.25 in attorney's fees to Appellant.

---

[27] Tex. Code Crim. Pro. Art. 26.04(p)
[28] *Rodriguez v. State*, 2013 Tex. App. LEXIS 847 (Tex. App. Texarkana, 2013); *citing Mayer v. State*, 309, S.W.3d 552 (Tex. Crim. App. 2010)

## CONCLUSION

The trial court erred when it failed to conduct a sentencing hearing after adjudicating Appellant's guilt. The trial court further erred when it assessed attorney's fees to Appellant.

## PRAYER

Appellant requests this court to reverse the judgment rendered below and remand to the trial court for a new hearing. In the alternative, Appellant requests this court to modify the judgment to remove the requirement for Appellant to pay $1,931.25 in attorney's fees.

Respectfully Submitted,

**/s/ Don Biard_____**
Don Biard
State Bar No. 24047755
McLaughlin, Hutchison & Biard, LLP
38 First Northwest
Paris, Texas 75460
Tel: (903)785-1606
Fax: (903)785-7580
Counsel for Appellant

## CERTIFICATE OF SERVICE

I certify that on January 22, 2015 a copy of the foregoing Appellant's Brief was served to the following parties by the method indicated below.

/s/ **Don Biard** //
Don Biard

**Via Email and Regular Mail**
Hon. Val Varley
Red River County District Attorney's Office
400 N. Walnut
Clarksville, Texas 75426
Tel: (903)427-2009
Fax: (903)427-5316

**CERTIFICATE OF COMPLIANCE PURSUANT TO TEXAS RULE OF APPELLATE PROCEDURE 9.4(i)(3)**

_____

TO THE HONORABLE COURT OF APPEALS:

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, Counsel for Appellant files this certification that Appellant's brief is a computer-generated document that contains 1,891 words. Counsel further certifies that he relied on the word count of the computer program used to prepare this document.

Respectfully submitted,


**/s/ Don Biard                    //**
Don Biard
State Bar No. 24047755
McLaughlin, Hutchison & Biard
38 First Northwest
Paris, Texas 75460
Tel: (903)785-1606
Fax: (903)785-7580
Attorney for Appellant