

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-17-00037-CR

---

RANDON LEE FOLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 77th District Court
Limestone County, Texas
Trial Court No. 12657-A

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

In accord with the terms of a plea agreement, Randon Lee Foley pled guilty to bail jumping and failure to appear in exchange for a sentencing recommendation of ten years' deferred adjudication community supervision.[1] On October 14, 2011, the trial court accepted that plea and placed Foley on deferred adjudication community supervision, as recommended. On June 3, 2016, the State filed a motion to adjudicate Foley's guilt alleging that he had violated certain conditions of his community supervision. By order entered December 16, 2016, the trial court overruled the State's motion to adjudicate, opting instead to modify the terms and conditions of his community supervision. On January 17, 2017, Foley filed a notice of appeal from the trial court's December 16, 2016, order.

In the State of Texas, a party may appeal only that which the Texas Legislature has authorized. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981). In the absence of legislation authorizing an appeal, appellate courts lack jurisdiction to act. *Id.* Generally speaking, in the criminal context, the Texas Legislature has only authorized appeals by criminal defendants from written judgments of conviction. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). There are a few very limited exceptions to this general rule, *see Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.), but the trial court's December 16, 2016, order modifying the

---

[1]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

terms and conditions of Foley's community supervision does not appear to fall within one of those exceptions. The Court of Criminal Appeals has clearly spoken on this issue as follows:

> With regard to deferred adjudication, the Legislature authorized appeal of only two types of orders: (1) an order granting deferred adjudication, and (2) an order imposing punishment pursuant to an adjudication of guilt. It follows from our reasoning in *Basaldua* [*v. State*, 558 S.W.2d 2 (Tex. Crim. App. 1977)], and the result in *Rickels* [*v. State*, 108 S.W.3d 900 (Tex. Crim. App. 2003)], that an order modifying the terms or conditions of deferred adjudication is not in itself appealable.

*Davis v. State*, 195 S.W.3d 708, 711 (Tex. Crim. App. 2006) (citations omitted); *see also Evans v. State*, No. 06-11-00152-CR, 2011 WL 5843044, at *2 (Tex. App.—Texarkana Nov. 22, 2011, no pet.) (mem. op., not designated for publication) ("There is no legislative authority for entertaining a direct appeal from an order modifying the conditions of community supervision.").

By letter dated March 23, 2017, we notified Foley of this potential defect in our jurisdiction and afforded him the opportunity to respond on or before April 3, 2017. Foley filed no response. As the trial court's order modifying the terms and conditions of Foley's community supervision is not an appealable order, we lack jurisdiction to hear this appeal.

Consequently, we dismiss this appeal for want of jurisdiction.

Bailey C. Moseley
Justice

Date Submitted:    April 20, 2017
Date Decided:     April 21, 2017

Do Not Publish