

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00102-CR

TERRY EDWARD ROACH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Hardeman County, Texas
Trial Court No. 4521, Honorable Dan Mike Bird, Presiding

July 20, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

In exchange for a plea of guilty, in March 2022, Appellant, Terry Edward Roach, was placed on deferred adjudication community supervision for three years for possession of less than one gram of methamphetamine, a state jail felony.[1]  Later that same year, the State moved to adjudicate Appellant's guilt for violating two conditions of his community supervision.  At a hearing on the State's motion, Appellant entered pleas

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(b).

of true to failing to report and failure to pay fees. Following the presentation of testimony, the trial court found Appellant had violated the conditions of community supervision as alleged, and coupled with his pleas of true, revoked his community supervision and sentenced him to two years of confinement. Appellant presents a sole issue alleging the trial court's assessment of the maximum sentence for a state jail felony violates the Eighth Amendment to the United States Constitution. We affirm.

## BACKGROUND

Appellant has memory issues, suffers from panic attacks, and has been taking medications for approximately a year to manage his symptoms. In 2008 or 2009, he was treated for mental health issues.

On March 18, 2022, Appellant was placed on deferred adjudication for possession of a controlled substance. The conditions thereof were explained to him and there was no indication he did not understand them.

According to his supervision officer's testimony, in April 2022, Appellant reported as required. From May 2022 through September 2022, however, he failed to report. He also became delinquent on his fees in the amount of $928.69. The officer testified he saw Appellant in July at a local business and reminded him he needed to report to no avail. There was no communication from Appellant until he was taken into custody in November. During cross-examination, the officer denied any knowledge of Appellant's memory issues and noted Appellant had remembered to report for his April appointment.

Appellant testified and explained his memory issues caused him to forget when to report. He claimed an elderly friend had always helped him remember appointments. He

2

had recently obtained a cell phone and his caseworker planned to assist him with programming appointments and setting alarm notifications.

The State urged the trial court to consider the full range of punishment and Appellant requested continuation of his community supervision. The trial court found Appellant had violated the conditions of community supervision alleged by the State, adjudicated him guilty, and pronounced a sentence of two years.

By his sole issue, Appellant contends assessment of the maximum sentence for a state jail felony constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. We disagree.

## ANALYSIS

Appellant's plea of true to the State's allegation that he failed to report alone is sufficient to support the trial court's *Judgment Adjudicating Guilt*. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). His complaint of a cruel and unusual sentence was not preserved for appellate review.

To preserve a complaint a sentence constitutes cruel and unusual punishment, a defendant must first raise the issue in the trial court when sentence is pronounced. *See Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013); *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); TEX. R. APP. P. 33.1(a)(1). *See also Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (noting preservation requirements apply to an allegation of cruel and unusual punishment under the Eighth Amendment).

3

In the underlying case, although the record reflects there was an opportunity to object, Appellant did not make any objections to his sentence on constitutional or other grounds. *Cf. Rickels v. State*, 108 S.W.3d 900, 902 (Tex. Crim. App. 2003) (noting a complaint on sentencing is not forfeited when there is no opportunity to object). Although he filed a motion for new trial, he did not raise any allegations related to his sentence. We conclude Appellant has forfeited his complaint that his sentence is cruel and unusual. His sole issue is overruled.

## CONCLUSION

The trial court's *Judgment Adjudicating Guilt* is affirmed.

Alex L. Yarbrough
Justice

Do not publish.

4