

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00247-CR

JIMMY CLINTON LITTLE                                               APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

### Introduction

Appellant Jimmy Clinton Little appeals the trial court's judgment adjudicating his guilt for injury to a child, contending in five points that the trial court abused its discretion by adding sex-offender conditions to his community supervision (probation) for a non-sex offense and by revoking his probation upon insufficient evidence. We affirm.

### Background Facts and Procedural History

A grand jury indicted Appellant for indecency with a child in March 2007. That October, after his retained counsel had negotiated a plea bargain with the State, Appellant pled guilty to injury to a child in exchange for paying a fine and serving five years' deferred-adjudication probation. The terms of probation included that Appellant submit to a sex offender evaluation, have no unsupervised contact with children under seventeen years old, provide samples for random urinalysis testing, and work faithfully at suitable employment.

The trial court supplemented these terms in March 2008 by prohibiting Appellant's accessing, viewing, or creating accounts on social networking sites such as MySpace and Facebook and also by prohibiting his buying, possessing, accessing, or viewing sexually explicit material. Appellant's signature acknowledging his receipt of the added terms appears at the bottom of the trial court's order alongside the signature of his probation officer, and the trial court's docket sheet indicates that Appellant received a copy of the supplemental conditions. In June 2008, Appellant discharged his retained counsel in a letter stating he no longer needed counsel's services.

In January 2011, the state agency for which Appellant worked fired him for having pornography on his office computer. On February 1, 2011, Appellant told his probation officer that he lost his job because his boss did not like him, and he also mentioned that there had been allegations of possible adult content on his computer. Appellant retained new counsel.

On the morning of April 21, 2011, counsel filed on Appellant's behalf a motion objecting to and asking the trial court to rescind certain of the supplemental probation conditions, which he characterized as "sex offender conditions." Specifically, he complained of sex offender classification and counseling, maintenance polygraphs, and his being required to answer questions regarding other offenses. The trial court denied the motion without a hearing on the day it was filed.

That afternoon, the State petitioned to adjudicate Appellant's guilt and revoke his probation, alleging that he had violated two of the terms imposed when he was originally placed on probation and two that the trial court had added in March 2008. After a hearing, the trial court found all four allegations true, granted the State's petition, adjudicated Appellant's guilt, and ordered him confined for ten years.

## Issues on Appeal

In five points, Appellant contends that the trial court abused its discretion by revoking his probation because the evidence is insufficient to support revocation on two of the State's allegations and because the other two were based on conditions the trial court imposed without due process.

## Standard of Review

We review a trial court's decision revoking probation for abuse of discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, it is the State's burden to prove by a preponderance of the evidence that a probationer

3

violated the terms of his probation. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial judge is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). The trial court abuses its discretion when it revokes probation after the State has failed to meet its burden of proof. *Cardona*, 665 S.W.2d at 493–94. Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of probation will support revocation on appeal. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

## Discussion

Among the four allegations that the trial court found true, the State had alleged that Appellant violated the condition that he not purchase, possess, access, or view any sexually explicit visual or audio material on any medium by accessing and viewing sexually explicit material on or about September and December 2010, and January 2011. Appellant does not contest the sufficiency of the evidence to support revocation based on this allegation, and having viewed the evidence in the light most favorable to the trial court's ruling, we hold that the evidence supports the trial court's finding that the allegation is true.[1]

---

[1]A former co-worker testified that in January 2011 she found evidence on Appellant's computer that he had visited a pornographic website. A state

4

But in his fifth point, Appellant argues that the trial court abused its discretion by finding he violated the condition because the trial court imposed the condition without affording him due process, specifically, a hearing and an opportunity to object to the condition before the trial court imposed it.

We are troubled by the claim that the trial court modified probation for a non-sex offense to add sex-offender conditions without a hearing to ensure due process. Moreover, we are mindful of the cases that Appellant has cited for the proposition that due process requires parolees and probationers be afforded certain procedural protections before the conditions of their releases or probations may be modified. Given the procedural posture of this particular case, however, we are precluded from considering, on the merits, the issues those cases address. This is because before we may reach any of those issues, the facts of this case compel us first to confront another: that is, how long may a probationer acquiesce to supplemental conditions of his probation before he forfeits a claim that they were unconstitutionally imposed? Appellant waited three years—raising his first objection after he was caught with pornography on his work computer and it became apparent that the State would seek revocation. Under the facts of this case, we hold that three years is too long.

---

investigator subsequently confirmed pornography on the computer and determined that adult websites had been accessed from it in September and December 2010, and in January 2011.

To preserve error for appellate review, a party must make a *timely* and specific objection or motion at trial, and there must be an adverse ruling by the trial court. Tex. R. App. P. 33.1(a); *Aldrich v. State*, 104 S.W.3d 890, 894–95 (Tex. Crim. App. 2003). In *Speth v. State*, the court of criminal appeals held that to complain about a probation condition on appeal, an appellant must have first challenged the condition in the trial court when it was imposed and that conditions that are not objected to are deemed affirmatively accepted. 6 S.W.3d 530, 534–35 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1088 (2000).

In *Rickels v. State*, the court of criminal appeals recognized an exception to this general rule of preservation when a defendant does not have an opportunity to object to the probation condition in the trial court at the time the condition is imposed. 108 S.W.3d 900, 902 (Tex. Crim. App. 2003). In *Rickels,* the trial court modified a probation condition without a hearing, and Rickels had no opportunity to object to this modification in the trial court. *Id*. In this circumstance, the court of criminal appeals addressed the merits of Rickels's appeal, even though he raised the issue for the first time on appeal. *Id*.; *see also Pearson v. State*, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999) (stating that when defendant does not have opportunity to object at sentencing hearing, a motion for new trial preserves error).

Here, the *Rickels* exception does not apply because the record shows that Appellant had the opportunity to object to the modified conditions and that he did, in fact, object *eventually.* He and the trial judge both signed the conditions. Appellant had retained counsel, whom he released a few months after the conditions were

imposed, stating in a letter that he had no further need of his services. Then, three years after the trial court imposed the condition, Appellant was fired from the state agency where he worked for having sexually related material on his office computer. In short order, he notified his probation officer that he had been fired, and he retained another lawyer, who then filed a motion objecting to the condition on the same day that the State filed its petition to adjudicate. There is no record that at any point during the three years between the time the condition was imposed and the time of the violation that Appellant took any steps to object to this condition either by contending that it violated due process, that it was imposed without due process, or that it was impermissible on any other ground.[2]

In *Jackson v. State*, this court relied on *Speth* and held that an appellant affirmatively accepted and waived his complaint about a probation condition by not objecting to it when it was imposed. No. 02-09-00258-CR, 2010 WL 5186811, at *4–5 (Tex. App.—Fort Worth Dec. 23, 2010, no pet.) (mem. op., not designated for publication). And in *Beatty v. State*, one of our sister courts in Houston, also citing *Speth*, as well as *Rickels*, held that an appellant failed to preserve his complaint about a probation condition on appeal by filing a written objection one month after

---

[2]There is some indication in the record that Appellant had filed a writ of habeas corpus in the trial court related to the issue. Code of criminal procedure article 11.072 provides that the constitutionality of a condition of probation may be challenged by a writ of habeas corpus that issues by operation of law when filed and the denial of which may be appealed. Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005). Such a writ, however, is not presently before us. One does not appear in the clerk's record, and according to the trial court, Appellant's writ was still pending at the time of the revocation hearing.

7

the condition was imposed when there was nothing in the record to indicate that he could not have objected at the time the condition was imposed. No. 01-08-00335-CR, 2010 WL 2133870, at *11 (Tex. App.—Houston [1st Dist.] May 27, 2010, pet. ref'd) (mem. op., not designated for publication); *see also Harrison v. State*, No. 05-08-01362-CR, 2009 WL 3631820, at *3 (Tex. App.—Dallas Nov. 4, 2009, pet. ref'd) (not designated for publication) (holding that failure to object to probation condition at the time it was imposed waived right to complain of it on appeal).

Here, the record shows that Appellant did not object to the complained-of condition until three years had elapsed from the time it was imposed and until it became apparent that the State was going to seek revocation on the basis of the condition's violation. And, as in *Beatty*, we find nothing in the record to indicate that Appellant could not have objected at the time the condition was imposed. Given *Speth* and *Rickels*, as well as previous decisions from this court and our sister courts, we hold that during the extended period of Appellant's acquiescence, he affirmatively accepted the modified conditions as part of the agreement with the trial court to keep him out of jail.[3] We also hold, therefore, that Appellant has forfeited his claim for review. *See Rickels*, 108 S.W.3d at 902; *Speth*, 6 S.W.3d at 534; *Jackson*, 2010 WL 5186811, at *4–5; *Beatty*, 2010 WL 2133870, at *11; *Harrison*, 2009 WL 3631820, at *3. Accordingly, we overrule Appellant's fifth point.

---

[3]We also note that according to the written plea admonishments in the clerk's record, as part of the original plea bargain agreement Appellant agreed to submit to a sex offender evaluation and to have no contact with children less than seventeen years of age.

Because one finding of true is sufficient to support revocation, because Appellant does not challenge the sufficiency of the evidence to support his revocation based upon the trial court's finding that he violated the prohibition on accessing sexually related material, and because the record supports that finding, our disposition of Appellant's fifth point is dispositive of his appeal. Therefore, we need not reach his other points. *See* Tex. R. App. P. 47.1; *Moore*, 605 S.W.2d at 926; *Sanchez*, 603 S.W.2d at 871.

## Conclusion

Having overruled the dispositive point in this appeal, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DAUPHINOT, J. filed a dissenting opinion.

PUBLISH

DELIVERED: July 26, 2012

9



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00247-CR

JIMMY CLINTON LITTLE                                              APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## DISSENTING OPINION

----------

I agree with the majority's concern that the trial court again, as in *Donovan v. State*,[1] denied Appellant due process by modifying the conditions of his community supervision for a non-sex offense to add sex-offender conditions without a hearing, without him being represented by counsel, and without advising him of his right to be

---

[1] No. 02-11-00033-CR, slip op. at 1–12 (Tex. App.—Fort Worth July 26, 2012, no pet. h.) (Dauphinot, J., dissenting), *available at* http://www.2ndcoa.courts.state.tx.us/htmlopinions.asp (handed down same day as this opinion).

represented by counsel. How does a defendant know he has a right, much less a duty, to object to conditions of community supervision when no one tells him of that right and the amendments are presented to him by a community supervision officer as a fait accompli, not after a hearing in open court and not even in open court with no hearing?

And I cannot agree with the majority's statement that we are precluded from considering Appellant's issues on the merits because he could not figure out the legal obstacle course for protecting his due process rights. For these reasons, and for the reasons set out in my dissent in *Donovan*,[2] I must respectfully dissent.

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED: July 26, 2012

---

[2]*See id.*