

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00090-CR

_____

ERIC SOSA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1275754D

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# MEMORANDUM OPINION

Eric Sosa's guilt for the assault of his brother, Israel Sosa, was adjudicated after the trial court found Sosa violated the terms and conditions of his community supervision by assaulting an elderly neighbor. Sosa was convicted of assault of a family member and received an enhanced sentence of five years' imprisonment. On appeal from proceedings in Tarrant County,[1] Sosa argues that the State failed to prove he was the same individual that was sentenced to community supervision.[2] We affirm the trial court's judgment.

"We review a trial court's decision revoking probation for abuse of discretion." *Little v. State*, 376 S.W.3d 217, 219 (Tex. App.—Fort Worth 2012, pet. ref'd) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). "The State must prove at a revocation hearing that the defendant is the same individual as is reflected in the judgment and order of probation, and that the individual violated a term of probation as alleged in the motion to revoke." *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993); *see Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). "The burden of proof at a probation revocation hearing is by a preponderance of the evidence." *Cobb*, 851 S.W.2d at 874; *see Little*, 376 S.W.3d at 219. However, the trial court is the sole trier of fact, and we review the evidence in the light most favorable to the trial court's ruling. *Cherry*, 215 S.W.3d at 919.

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]Sosa also appeals from a judgment adjudicating his guilt for the assault of Maria Almendarez, a household member, and sentencing him to five years' imprisonment.

The underlying indictment in this case alleged that Sosa intentionally or knowingly caused bodily injury to Israel by striking him in the head with a brick. Sosa pled guilty to the indictment and true to the State's enhancement allegations pursuant to a negotiated plea agreement.[3] The trial court placed Sosa on deferred adjudication community supervision for a period of five years, ordered him to pay a $500.00 fee, and required compliance with the terms and conditions of his community supervision.

The State subsequently filed a petition to proceed with adjudication alleging, among other things, that Sosa caused bodily injury by kicking his neighbor, Felipe Fernandez, an elderly person. At the hearing on the motion, Felipe testified that Sosa "all of a sudden . . . came at [him]," kicked him twice in the inside thigh, "grabbed" a rock and was "trying to bash [his] head with it." When Sosa was finished assaulting Fernandez, he threw a rock "towards the windows" of his car, causing "about 470" dollars of damage.

The State rested after introducing the testimony of Fernandez and Detective Michael Brown, who investigated the case. Sosa's counsel then moved for a directed verdict, which was denied by a judge who did not preside over the plea proceedings. Counsel stated,

> Well -- and actually, Judge -- I'm sorry. Procedurally the State has rested, and at this point -- I'm not sure of the correct term; however, I will call it when [sic] I think it is, I'd make a ruling for a directed verdict. The State has not proven that Eric Sosa is on probation. That he received a copy of his conditions of probation and that he violated said conditions.
>     So at this point we don't believe the State has put on enough evidence to prove either petition to proceed to adjudication that has been filed in this case and that we are currently hearing.

---

[3]Written plea admonishments reflecting the negotiated plea agreement and a judicial confession were signed by Sosa.

In his closing argument, Sosa's counsel again argued that the State had not proven that "this Defendant appeared in court with counsel and pled guilty to the offenses" and had not "asked the court to take judicial notice[4] of what's in the file."[5]

The notice informing Sosa's counsel that she had been appointed to represent him during adjudication proceedings listed Sosa's address as 537 W. Hammond St., Fort Worth, TX 76115, and the warrant for Sosa's arrest was also executed at that address. Also, the indictment contained Sosa's race and age, which the trial judge was in a position to visually confirm.

Evidence from witnesses at the adjudication hearing also established that the person sitting in the defendant's chair was the same person that had been placed on community supervision. Fernandez testified that he lived at "540 West Hammond Street in Fort Worth, Texas," next door to the Sosa family. Sosa's mother, Mary Lou Sosa, testified that she moved to Hammond Street and had lived there since 1993.

---

[4]"[I]n sufficiency of the evidence challenges in probation revocation cases, as long as the judgment and order of probation appear in the record on appeal the State is not required to introduce the documents into evidence." *Cobb*, 851 S.W.2d at 874 (footnote omitted).

[5]The State responded by arguing, "The mother's testimony -- I asked her if he was on probation for assaulting Israel and for assaulting Maria [Almendarez], and the mother said that he was." In fact, the transcript of Mary Lou Sosa's examination fails to support the State's assertion to the court:

> Q. [State's Counsel] And do you know him to be on probation for assaulting Eric -- I'm sorry, for assaulting Israel and also for assaulting Maria?
>
> A. Well, isn't that what we are talking about, we are talking about that guy [referring to Fernandez]?
>
> Q. Well, I'm asking about Maria and Israel. Is he on probation for assaulting them?
>
> A. I don't really know anything about that, because I'm at home and I'm sick. They -- they, you know, take care of their own business because they are men.

A March 29, 2012, affidavit of indigency identified as Sosa's girlfriend, Maria Almendarez, the person Sosa was accused of assaulting in the companion case, cause number 06-13-00091-CR. Almendarez testified that she had known Sosa for three years and that she witnessed an altercation between Sosa and Fernandez while she was at Mary's house on Hammond Street. She testified that she had made a police report alleging Sosa assaulted her and that she later denied the incident. When asked whether Sosa was currently on community supervision for assaulting her, she testified, "I don't know what he's [on] probation for. I just -- I know he's on probation."

The witnesses at the adjudication hearing pointed to Sosa and identified him as Eric Sosa. The Sosa that was placed on community supervision pled guilty to assaulting his brother, Israel, claimed Almendarez as his girlfriend, and lived at the Hammond Street address. At the adjudication hearing, it was established that the Sosa sitting at the defendant's table had a brother named Israel, had a relationship with Almendarez, lived at the same address, and matched the description of the person described in the underlying indictment.

We find that the trial court did not abuse its discretion in deciding that the State met its burden to prove, by a preponderance of the evidence, that the Sosa at the adjudication hearing was the same person who had been placed on community supervision.

We affirm the trial court's judgment.

Jack Carter
Justice

Date Submitted: September 11, 2013
Date Decided: September 12, 2013

Do Not Publish