

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00018-CR

JONATHAN ALI CHTAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 22,939

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# MEMORANDUM OPINION

In 2005, Johnathan Ali Chtay pled guilty to the offense of misapplication of construction trust fund money in an amount of $500.00 or more, with intent to defraud. Pursuant to a negotiated plea agreement, Chtay was placed on deferred adjudication community supervision for a period of ten years. The State moved the trial court to proceed with adjudication prior to the expiration of Chtay's community supervision. In its motion, the State alleged that Chtay violated the first condition of his community supervision, which prohibited him from violating any law. Specifically, the State alleged that Chtay caused bodily injury to Sherrie Gibbs, the mother of his seventeen-month-old daughter, when he hit "her with the back of his right hand across the left side of her face."[1]

On December 4, 2013, the trial court (1) adjudicated Chtay's guilt, (2) sentenced him to ten years' imprisonment, (3) fined him $10,000.00, (4) assessed court costs against him, (5) suspended the sentence, (6) again placed Chtay on community supervision for a period of ten years, and (7) required that Chtay serve 180 days in jail as a condition of his community supervision. On appeal, Chtay argues that the evidence was insufficient to support the trial court's decision to adjudicate his guilt after finding that he violated the first condition of his community supervision.[2] We disagree with Chtay and affirm the trial court's judgment.

---

[1]Although the State's motion also alleged that Chtay violated the terms and conditions of his community supervision by drinking alcohol, the trial court declined to find this allegation true because no evidence of Chtay's alcohol use was presented.

[2]On the same date that the trial court proceeded with adjudication in this case, it found, in a companion case referenced in our opinion of this date in cause number 06-14-00019-CR, that Chtay was guilty of theft of property valued at $20,000.00 or more but less than $100,000.00 and sentenced Chtay to seven years' imprisonment. Chtay appeals his conviction in the companion case on the same ground raised here.

Chtay argues that the evidence is insufficient to demonstrate that he violated the first condition of his community supervision because Gibbs denied the attack during the hearing on the State's motion to proceed with adjudication. Gibbs testified that she went to a bar after a fight with Chtay, returned home drunk, renewed her argument with Chtay, punched him in the chest, and then kicked him in the testicles. Gibbs stated, "[Chtay] reached up and defended himself by blocking himself[,] and I fell to the floor." After the incident, Chtay left the house, and Gibbs called her parents to pick her up.

Gibbs' parents retrieved Gibbs and the child, took them to their home, and called the Montgomery County Sheriff's Office after Gibbs claimed that Chtay had hit her in the face. Gibbs, who testified at the hearing that Chtay did not hit her, claimed that she lied to her parents because she was concerned about who would be awarded custody of the child in case her relationship with Chtay terminated.

Luis Macais, a deputy with the Montgomery County Sheriff's Office, responded to the call placed by Gibbs' parents. Macais testified that Gibbs was crying, was "very shaken up," "had dried blood around her lips[,] . . . [and had] scratch marks on her chest area and right elbow." According to Macais, Gibbs reported that the injuries to her lips, chest, and elbow were caused by Chtay. In order to clarify her statement to Macais, Gibbs testified that she was drunk when she spoke to Macais and that her drunken report was a lie because all of her injuries were a result of her fall after Chtay's protective block. Gibbs explained, "I had already told my parents one story, and it was quite embarrassing when I unfortunately stuck with it." She later signed an affidavit of nonprosecution.

To revoke community supervision, the State must prove by a preponderance of the evidence every element of at least one ground for revocation. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11 (West Supp. 2013); *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.). We review a decision to adjudicate guilt in the same manner as we review a decision to revoke community supervision—for abuse of discretion. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2013); *Little v. State*, 376 S.W.3d 217, 219 (Tex. App.—Fort Worth 2012, pet. ref'd) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)); *see T.R.S.*, 115 S.W.3d at 320. A trial court's decision to revoke community supervision is examined in the light most favorable to the trial court's order. *T.R.S.*, 115 S.W.3d at 321. The trial court did not abuse its discretion if the greater weight of credible evidence created a reasonable belief that Chtay violated the first term of his community supervision. *See Sanchez v. State*, 603 S.W.2d 869, 870–71 (Tex. Crim. App. [Panel Op.] 1980); *T.R.S.*, 115 S.W.3d at 321.

In a revocation hearing, the trial court is the sole trier of the facts and determines the credibility of the witnesses and the weight given to their testimony. *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd); *T.R.S.*, 115 S.W.3d at 321. As the fact-finder, the trial court is free to accept or reject any or all of a witness' testimony. *Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987).

Soon after the incident—and presumably before she had time to reflect upon the ramifications of her statement—Gibbs told her parents that Chtay hit her in the face. In her "very shaken up" state, Gibbs also told Macais that the injuries to her face, chest, and elbow were caused by Chtay. As the fact-finder, the trial court was free to determine that Gibbs'

statements to her parents and to the police, made in an excited state soon after the incident, were credible and that her later recantation was not. *See Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005) (noting basis for admitting excited utterance is assumption declarant is incapable of kind of reflection that would enable fabrication of information); *Walters v. State*, 275 S.W.3d 568, 573 (Tex. App.—Texarkana 2008, no pet.) (finding statement made "at or near the time of the incident would likely have a higher level of credibility or persuasive effect").

The trial court's finding that Chtay violated his community supervision by hitting Gibbs was within the zone of reasonable disagreement. We find no abuse of discretion in the court's decision to adjudicate Chtay's guilt. Consequently, we overrule this point of error.

We affirm the trial court's judgment.


Jack Carter
Justice


Date Submitted:     July 30, 2014
Date Decided:       July 31, 2014

Do Not Publish