

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00049-CR

JOE BRADLEY COCHRAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 25539

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Joe Bradley Cochran appeals the revocation of his deferred adjudication community supervision for possession of less than one gram of methamphetamine. On appeal, Cochran argues that the trial court erred in failing to grant his motion to suppress evidence obtained from an allegedly illegal search. We affirm the trial court's judgment because (1) Cochran pled true to the State's allegation that he failed to perform community service restitution work as required by the terms and conditions of his community supervision and (2) his motion to suppress was unrelated to this allegation.[1]

Cochran pled guilty to possession of less than one gram of methamphetamine. Pursuant to the terms of his plea bargain agreement, the trial court placed Cochran on deferred adjudication community supervision for five years, assessed a $1,000.00 fine, and ordered him to pay $140.00 in restitution. Among other things, the order placing Cochran on community supervision required him to refrain from committing any violation of law or using alcohol or drugs not prescribed to him. He was also mandated to "perform 400 hours of Community Service Restitution (CSR) work . . . and abide by all rules of the CSR program." The State filed a motion to proceed to an adjudication of guilt, which alleged that Cochran had violated these terms by possessing methamphetamine, amphetamine, marihuana, and Alprazolam and by failing to perform CSR.

The terms and conditions of Cochran's community supervision required him to "[s]ubmit to a search of [his] person, residence, or vehicle at any time by the CSO, or other law enforcement

[1]In companion cause number 06-18-00048-CR, Cochran also appeals from his convictions on two counts of possession of a controlled substance. We address Cochran's arguments related to his suppression motion in that case.

2

official, for illegal drugs or contraband."[2]  The allegations in the State's motion to adjudicate guilt were largely the result of a search conducted on Cochran's motel room by his CSO, which uncovered illegal drugs.  Cochran filed a motion to suppress evidence obtained from the search on grounds that the term and condition of Cochran's community supervision that "authorized a search of his 'person, residence, or vehicle' did not extend to a motel room" and, alternatively, that the term was unconstitutional.  After the trial court overruled Cochran's motion to suppress, Cochran pled guilty to all allegations in the State's motion to adjudicate his guilt.  The trial court adjudicated Cochran's guilt, sentenced him to twenty-two months' confinement in state jail, and ordered him to pay a $972.22 fine and $89.00 in restitution.

"An appeal from an order revoking [community supervision] is limited to the propriety of the revocation." *Corley v. State*, 782 S.W.2d 859, 861 n.2 (Tex. Crim. App. 1989) (en banc).  We review a trial court's decision to revoke community supervision for an abuse of discretion.  *Little v. State*, 376 S.W.3d 217, 219 (Tex. App.—Fort Worth 2012, pet. ref'd) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)); *see In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.).  In a revocation hearing, the trial court is the sole trier of the facts and determines the credibility of the witnesses and the weight given to their testimony.  *T.R.S.*, 115 S.W.3d at 321.  A trial court's decision to revoke community supervision is examined in the light most favorable to the trial court's judgment.  *Id.*

The State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision.  *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim.

---

[2]Cochran was also required to permit his community supervision officer (CSO) "to visit [him] at home or elsewhere."

3

App. 1993). Proof by a preponderance of the evidence as to any one of the alleged violations is sufficient to support a trial court's decision to revoke community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). Thus, in order to prevail on appeal, Cochran must successfully challenge all the findings that support the revocation order. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978).

Here, Cochran pled true to failing to perform CSR. A plea of true, standing alone, is sufficient to support revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979). While his appellate brief focuses on his suppression motion, that motion had no relevance with respect to the CSR allegation, and Cochran's brief failed to challenge this ground. When an appellant does not challenge every ground found true by the trial court during revocation proceedings, "nothing is presented for review." *Moore*, 605 S.W.2d at 926.

Accordingly, after reviewing the record of the revocation proceedings, we hold that Cochran has failed to show that the trial court abused its discretion in revoking his community supervision based on the unchallenged ground that he failed to perform CSR as required. *See id.*

We affirm the trial court's judgment.



Bailey C. Moseley
Justice

Date Submitted:     October 11, 2018
Date Decided:      October 31, 2018

Do Not Publish