

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00264-CR

JOSEPH EDDY BIVENS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27802

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

In August 2018, Joseph Eddy Bivens pled guilty to driving while intoxicated (DWI), third or more.[1] After finding Bivens guilty, the trial court sentenced him to ten years' imprisonment, suspended the sentence, and placed Bivens on ten years' community supervision. Fourteen months later, the trial court revoked Bivens's community supervision and sentenced him to eight years' imprisonment.

On appeal, Bivens challenges the sufficiency of the evidence supporting one of the trial court's findings that Bivens violated the conditions of his community supervision and complains that the trial court entered the incorrect statute of offense in its written judgment of conviction. Because we find that (1) the trial court did not abuse its discretion in revoking Bivens's community supervision and (2) the trial court did not err by entering Section 49.09 as the statute of the offense in its judgment, we affirm the trial court's judgment.

## I.     Background

When the trial court suspended Bivens's ten-year sentence and placed him on community supervision, it entered an order containing the terms and conditions of community supervision. Those conditions included that Bivens:

20.      Not possess or consume in any form real or synthetic, alcohol . . . [and]

. . . .

31.      Attend and complete SAFPF and aftercare.

---

[1]*See* TEXAS PENAL CODE ANN. § 49.09(b) (Supp.).

In April 2019, the State moved to revoke Bivens's community supervision and alleged that he violated Condition 20 because "**[Bivens] admitted and signed [an] admission to using alcohol on or about April 5, 2019**." The State also alleged that Bivens violated Condition 31 because on "**April 10, 2019, [Bivens was] discharged unsuccessful[ly] from Lakes Regional Aftercare due to continued substance abuse**."

At the hearing on the motion to revoke, Bivens pled not true to the State's allegation that he admitted using alcohol, but he pled true to the allegation that he was discharged unsuccessfully from the Substance Abuse Felony Punishment (SAFP) aftercare. After hearing the evidence, the trial court found that both of the State's allegations were true, revoked Bivens's community supervision, and sentenced him to eight years' imprisonment.

## II.    The Unchallenged Ground for Revocation Supports the Trial Court's Judgment

In his first issue, Bivens challenges the sufficiency of the evidence supporting the trial court's finding that the State's allegation that Bivens admitted to consuming alcohol was true. Bivens does not argue that there was insufficient evidence supporting the trial court's finding of true to the State's allegation that Bivens had been discharged from aftercare. Rather, Bivens asserts that the State did not make this allegation in its motion to revoke, pointing to only part of the introductory language used by the State in its allegation that Bivens had violated Condition 31.

A trial court's decision to revoke community supervision is reviewed for an abuse of discretion. *Little v. State*, 376 S.W.3d 217, 219 (Tex. App.—Fort Worth 2012, pet. ref'd). To support revocation, it must be shown by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873

3

(Tex. Crim. App. 1993). A trial court's revocation of community supervision will be upheld if there is proof by a preponderance of the evidence of any one of the alleged violations. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). As a result, a defendant must challenge every ground for revocation found by the trial court. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978). Subject to exceptions not applicable here, a defendant's plea of true is sufficient to support revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

We agree that the introductory language in the State's motion was rather confusing. That said, the State ultimately made the allegation, in bold type, that on "**April 10, 2019, [Bivens was] discharged unsuccessful[ly] from Lakes Regional Aftercare due to continued substance abuse.**" We, therefore, find that the State sufficiently alleged that Bivens violated Condition 31. Moreover, Bivens's plea of true to the allegation that he was discharged unsuccessfully from aftercare is sufficient to support the revocation.[2] For these reasons, we find that the trial court did not abuse its discretion in revoking Bivens's community supervision. As a result, we overrule Bivens's first issue.

## III. The Written Judgment Correctly States the Statute of Offense

In his second issue, Bivens contends that the judgment should be modified to reflect that the statute of offense is Section 49.04 of the Texas Penal Code. The trial court's written judgment

---

[2]We also note that Bivens's judicial confession that "each and every allegation [contained in the motion to revoke] is true" was admitted without objection at the hearing and that his community supervision officer testified that Bivens had been removed from the aftercare program.

4

states that the statute of offense is "49.09(b) TEXAS PENAL CODE." Bivens argues that Section 49.09 is an enhancement provision and that the judgment should reflect the "core offense" found in Section 49.04. We disagree.

Article 42.01 of the Texas Code of Criminal Procedure sets forth certain information that must be included in a judgment of conviction. TEX. CODE CRIM. PROC. ANN. art. 42.01 (Supp.). Included in the required information is "[t]he offense or offenses for which the defendant was convicted" and "[t]he . . . . degree of offense for which the defendant was convicted." *Id.* In this case, the judgment correctly showed the degree of offense as a third-degree felony.

A conviction under Section 49.04 of the Texas Penal Code is a Class B misdemeanor. TEX. PENAL CODE ANN. § 49.04(b) (Supp.). Under Section 49.09(b), proof of two prior convictions for DWI "elevates a third DWI offense from a Class B misdemeanor to a third[-]degree felony." *Oliva v. State*, 548 S.W.3d 518, 519 (Tex. Crim. App. 2018) (citing TEX. PENAL CODE ANN. § 49.04(b)(2)). Unlike enhancement provisions that elevate the range of punishment, Section 49.09(b) elevates the degree of the DWI offense. TEX. PENAL CODE ANN. §49.04(b)(2). Thus, a conviction for a third or more DWI constitutes a conviction under Section 49.09(b)(2), a third-degree felony, rather than a conviction under Section 49.04, a class B misdemeanor. We, therefore, find that the trial court did not err by entering Section 49.09 as the statute of the offense in its judgment. We overrule Bivens's second issue.

## IV. Conclusion

For the reasons stated, we affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     March 23, 2020
Date Decided:       March 24, 2020

Do Not Publish