COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| MARIO ANTONIO RAMON, | § | No. 08-23-00237-CR |
| Appellant, | § | Appeal from the |
| v. | § | 290th Judicial District Court |
| THE STATE OF TEXAS, | § | of Bexar County, Texas |
| Appellee. | § | Cause No. 2021CR5632 |

## MEMORANDUM OPINION[1]

Appellant Mario Antonio Ramon appeals the trial court's order revoking community supervision. Ramon raises two issues on appeal. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In a two-count indictment, the grand jury indicted Ramon with possession of heroin, with intent to deliver, of an amount of less than 200 hundred grams but more than four grams (Count I); and for the lesser offense of possession of heroin of an amount of less than 200 hundred grams but more than four grams (Count II). In an enhancement allegation, the indictment also alleged that Ramon was a repeat offender. The State and Ramon entered into a plea bargain agreement

---

[1] This case was transferred from our sister court in San Antonio pursuant to the Texas Supreme Court's docket equalization efforts. *See* Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

wherein the State waived both Count I and the repeat-offender allegation, and further agreed that punishment would be assessed at six years' confinement and a fine of $1500, and the State would recommend community supervision to the court. In exchange, Ramon waived his rights to a trial and pleaded nolo contendere to Count II only.

On March 23, 2022, the trial court found Ramon guilty of possession of heroin (Count II) and assessed punishment at six years' imprisonment and imposed a fine. The trial court also suspended confinement and placed Ramon on community supervision for five years. Accordingly, the trial court imposed terms and conditions of community supervision. Affixing his signature on the order of supervision, Ramon acknowledged his receipt of a copy of the conditions of community supervision and indicated his understanding of the same. On June 28, 2022, the trial court signed and entered an order amending conditions of community supervision adding two additional conditions. As before, Ramon signed the order amending the conditions of community supervision.

On January 11, 2023, the State moved to revoke Ramon's community supervision, alleging two violations of conditions. Specifically, the State alleged Ramon had violated Condition No. 1 and No. 16 by committing the offense of assault and failing to comply with the rules and regulations of his community supervision. On June 6, 2023, the State supplemented its motion to revoke alleging he had additionally violated Condition No. 4, that is, that Ramon failed to report to the Supervision Officer, as directed, for three different months from February 2023 to April 2023. On June 23, 2023, the State again supplemented its motion to revoke alleging two additional violations relevant to this appeal. The State alleged Condition No. 2, on two occasions, was violated as follows:

VIOLATED CONDITION No. 2: On or about the 9th day of June, 2023, in Bexar County, Texas, [Ramon] did then and there fail to submit to drug testing as directed by the Court/Court Officer/Supervision Officer, and or a duly authorized agent of the Court, in violation of Condition No. 2.

VIOLATED CONDITION No. 2: On or about the 16th day of June, 2023, in Bexar County, Texas, the defendant, Mario Antonio Ramon, did then and there fail to submit to drug testing as directed by the Court/Court Officer/Supervision Officer, and or a duly authorized agent of the Court, in violation of Condition No. 2.

On July 27, 2023, the trial court held a hearing on the State's motion to revoke Ramon's community supervision. The State waived the allegations of assault in violation of Condition No. 1 and proceeded on the allegations regarding the violations of Conditions No. 2, 4, and 16. Ramon pleaded "not true" to each violation alleged.

As its sole witness, the State called Analise Abi Rachad-Hibbert, a probation officer assigned to supervise Ramon. Rachad-Hibbert testified that, although Ramon had been ordered to submit to weekly drug tests, he failed to submit to testing on June 9 and June 16 of 2023. She also testified that, even though Ramon was ordered to report monthly to his supervising officer, he failed to report in the months of February, March, April, May, and June of 2023. On cross-examination, Rachad-Hibert acknowledged that when Ramon reported in January 2023, she talked with him about the fact that a motion to revoke would soon be filed as a result of a new charge filed against him in December 2022. Rachad-Hibert next confirmed that Ramon self-surrendered and posted bond in April 2023 in connection with the filing of the revocation motion. She confirmed that Ramon made face-to-face contact with the department in May 2023 due to a court appearance. And she also testified that Ramon would likely have had pretrial conditions imposed after April 2023.

After the State rested, Ramon and his sister, Margaret Marquez, testified for the defense. Under direct questioning, Ramon testified he was currently prescribed multiple medications for

treatment of his bipolar condition and schizophrenia. He claimed he had remained in compliance with all his conditions between March 2022 through December 2022. Then, when he reported in January 2023, he learned that a motion to revoke may be coming based on a new case filed against him in December 2022. For a few months, he searched for a lawyer to help him with lowering the required bond amount. Once he surrendered and posted bond in April 2023, he asserted he had complied with his pretrial reporting requirements, and he believed those efforts would count towards his probation reporting requirements. As for drug testing, Ramon tendered four exhibits showing he had tested on June 2 and 30, 2023, and July 7 and 21, 2023, covering testing not contested by the State. As for his failure to test on June 9 and 16, 2023, Ramon claimed he had either misunderstood or had lost the paperwork provided for testing. Ramon's sister testified that he had been on disability for many years and needed help with reading and writing.

At the conclusion of the hearing, the trial court found it true that Ramon had violated Condition No. 2 by failing to submit to drug testing on two occasions. The trial court revoked Ramon's community supervision and imposed punishment at six years' confinement in the Texas Department of Criminal Justice.

Ramon filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's order revoking probation for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A trial court does not abuse its discretion unless its decision is so arbitrary as to be outside the zone of reasonable disagreement. *Hernandez v. State*, 387 S.W.3d 881, 888 (Tex. App.—San Antonio 2012, no pet.). In a probation revocation, the State bears the burden of proving by a preponderance of the evidence that the accused violated

4

a condition of his probation. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). The State meets this burden when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision, and in reviewing the evidence, we indulge all reasonable inferences in favor of the trial court's judgment. *Reasor v. State*, 281 S.W.3d 129, 131–32 (Tex. App.—San Antonio 2008, pet. ref'd). If the evidence supports a single violation alleged by the State, we must sustain the trial court's judgment revoking community supervision. *Id.* at 131. Thus, on appeal, Appellant must successfully challenge each probation violation found true by the trial court and present facts showing reasonable grounds exist to overturn the trial court's revocation of his probation. *Smith v. State*, 286 S.W.3d 333, 342–43 (Tex. Crim. App. 2009).

## ANALYSIS

Ramon presents two issues on appeal. First, he asserts he was not given specific and adequate notice of the terms of his community supervision, and the conditions failed to inform him of what he was required to do. He contends the trial court abused its discretion in revoking his community supervision in violation of Article 42.12 of the Code of Criminal Procedure, the 5th and 14th Amendments of the U.S. Constitution, and Article 1, Sections 10 and 19 of the Texas Constitution. Second, Ramon argues the State failed to prove its pleaded allegations by a preponderance of the evidence. Within this issue, Ramon asserts the evidence was insufficient because his probation officer demonstrated a lack of due diligence in her supervision. Additionally, he asserts the trial court carried forward a bias against him and it had essentially decided punishment before holding a hearing.

### A.   Notice of community supervision terms

In his first issue, Ramon claims he was not given specific and adequate notice of the terms of his probation. He argues the original and amended conditions of probation were combined with overlapping pretrial conditions, resulting in a vagueness that he was not reasonably able to comprehend due to his mental health conditions. Ramon contends that his "special needs resulting from his cognitive and mental disabilities" contributed to his inability to understand his probation requirements "without any actual special mental or cognitive support." In response, the State asserts Ramon failed to preserve this issue for appeal.

The Court of Criminal Appeals has held that when a defendant "fail[s] to object to the terms and conditions of probation at trial, a defendant affirmatively waives any complaints he may have had." *Rickels v. State*, 108 S.W.3d 900, 902 (Tex. Crim. App. 2003) (en banc). An exception to this general rule exists, however, when the defendant does not have the opportunity to object to the condition of probation at the time the trial court imposes the conditions, such as a trial court's modification of a probation order without a hearing giving the defendant an opportunity to object. *Id.*

Here, Ramon does not assert the trial court modified the terms of his probation without affording him due process. Rather, he asserts for the first time on appeal that community supervision terms, when combined with pretrial conditions, were vague and for that reason he was unable to comprehend them. He fails to show, and we find nothing in the record to indicate, he was not allowed to object on that basis at the time conditions were imposed, or when the circumstance arose. Rather, Ramon affirmatively accepted the modified conditions as evidenced by his signature affixed to the orders; and he did not otherwise raise a complaint in the trial court.

Accordingly, we conclude that Ramon failed to preserve for appellate review any contention about the specificity, adequacy, or clarity of the terms of his probation. *See Rickels*, 108 S.W.3d at 902; *see also Little v. State*, 376 S.W.3d 217, 221 (Tex. App.—Fort Worth 2012, pet. ref'd) (holding appellant forfeited his claim on a probation condition when the record showed he did not object until three years after it was imposed, there was no evidence that he could not have objected at the time the condition was imposed, and he affirmatively accepted the modified conditions).

We overrule Ramon's first issue.

## B.   Sufficiency of the evidence

In his second issue, Ramon claims the State failed to prove its allegations by a preponderance of the evidence. Within his presentation of this second issue, Ramon also asserts the evidence was insufficient because his probation officer lacked due diligence in her supervision of him. Lastly, he also asserts the trial court was biased against him and decided to sentence him to the maximum sentence of six years before it had held a hearing.

With Ramon's subsidiary arguments, he claims the trial court was biased against him and his probation officer lacked due diligence. Specifically, he asserts the trial court sentenced him to six years' confinement, which he refers to as the "max" punishment, after the trial court asked his counsel to "move it along" during his testimony. Moreover, he argues certain facts—asserting each showed bias by the presiding court—but as to these purported facts, no record citation is included in his briefing. The State contends the factual claims are not in the record at all. Neither does Ramon develop his argument with legal citations. To the extent of these deficiencies, Ramon's brief lacks a clear and concise argument for the contentions made; and it does not cite to appropriate authority, or to the record, to support his complaints. For this reason, we conclude

7

Ramon's subsidiary complaints regarding due diligence and trial court bias are not properly briefed for appellate review.[2] *See* Tex. R. App. P. 38.1(i).

Moving on to his sufficiency complaint, Ramon complains that the State failed to prove the revocation allegations by a preponderance of the evidence. The trial court found true the State's allegations that Ramon violated Condition No. 2 by failing to appear for drug testing on June 9 and 16, 2023. Ramon's probation officer testified that Ramon was required to submit for a weekly UA during the relevant period. She stated she told him to come in for tests during the weeks of June 9 and June 16, 2023, and her system indicated that he failed to submit for drug testing during either of those weeks.

In response, Ramon testified that he did not recall why he missed some reporting requirements but that he probably got them mixed up with his other pretrial requirements, or that he lost his paperwork. On cross-examination, Ramon acknowledged he was not required to drug test as a part of his pretrial conditions. He also confirmed that his probation officer would give him a paper with his next appointment date when he visited with her. Ramon also admitted that his probation officer told the truth when testifying that he had not contacted her. We construe Ramon's briefing as arguing two reasons showing the evidence was insufficient to support the trial court's finding of true as to testing violations. First, he argues the record included evidence of "consistent negative drug tests;" and second, he contends the evidence established he needed family support to understand his probation documents.

On review, evidence of other drug tests taken on differing dates are not themselves dispositive nor contradictory of the evidence supporting the trial court's finding of true as to

---

[2] In further regard to Ramon's bias argument, the State points out that Ramon filed a motion to recuse the trial court after the motion to revoke hearing. The motion was granted. Therefore, the State contends, there is nothing to review.

violations on June 9 and June 16, 2023. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978) (providing that evidence of a single violation sustains a revocation order). Here, the trial court heard evidence that Ramon failed to submit to drug testing on two occasions as ordered by his probation. Moreover, in deferring to the trial court's reasonable inferences, as we must, it could have disbelieved Ramon's contentions that he did not properly understand the terms of his probation.

We conclude the facts adduced at the hearing lend support to the trial court's finding that Ramon violated the terms of his probation by failing to submit to ordered drug tests on two occasions in June 2023. Accordingly, the trial court did not abuse its discretion in revoking Ramon's community supervision. *See Hacker*, 389 S.W.3d at 864–65; *Hodges v. State*, No. 04-19-00382-CR, 2020 WL 1930485, at *2 (Tex. App.—San Antonio April 22, 2020, no pet.) (holding evidence was sufficient to support trial court's revocation order). We overrule Ramon's second issue.

## CONCLUSION

We affirm the trial court's judgment revoking Ramon's community supervision.


GINA M. PALAFOX, Justice

April 10, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)