

**NUMBER 13-18-00059-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MARCUS ROBERT ARCHER,**                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                         **Appellee.**

---

### On appeal from the 319th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria**

Appellant Marcus Robert Archer appeals from an order revoking his community supervision. In six issues Archer argues that: (1) the trial court erred by revoking his community supervision based on the allegation that he used electronic social media; (2) the use of social media is protected under the First Amendment; (3) a person placed on

community supervision is entitled to First Amendment rights; (4) the State may not deny a person placed on community supervision the First Amendment right to access social media; (5) the evidence was insufficient to permit the trial court to find that he failed to pay the alleged court costs and had the ability to pay those costs; and (6) trial counsel was ineffective. We affirm.

## I.    BACKGROUND

Archer was indicted on two counts of sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.011. In April 2016, Archer pleaded guilty pursuant to a plea agreement, and the trial court placed him on deferred-adjudication community supervision for a period of ten years. In August 2016, the State filed its first motion to revoke Archer's community supervision, alleging that Archer, inter alia, accessed the internet in violation of his sex offender special conditions. Archer pleaded true to the allegations in the motion and the trial court continued his community supervision. In October 2017, the State filed its second motion to revoke Archer's community supervision, alleging Archer continued to access the internet and failed to pay court costs. A hearing was held, and the trial court found the allegations true. The trial court revoked Archer's community supervision, adjudicated him guilty of both counts of sexual assault of a child, and sentenced him to nine years' imprisonment on each count to run concurrently. This appeal followed.

## II.    UNCONSTITUTIONAL CONDITION

By his second, third, and fourth issues, Archer argues that the trial court erred in revoking his community supervision based on an allegation that he used electronic social media because the condition itself was unconstitutional in violation of his First

2

Amendment rights, citing the United States Supreme Court's decision in *Packingham v. North Carolina*, 137 S.Ct. 1730 (U.S. 2017).

## A. Preservation of Error

A trial court has the authority to impose any reasonable condition of community supervision that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.301(a). When community supervision is granted, a contractual relationship is created between the trial court and the defendant. *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999) (en banc). Conditions of community supervision that are not objected to are affirmatively accepted as terms of the contract. *Id.* at 534. A defendant who benefits from the contractual privilege of community supervision, the granting of which does not involve a systemic right or prohibition, must complain at trial to conditions he finds objectionable. *Id.*; *see* TEX. R. APP. P. 33.1(a). To be subject to procedural default under these circumstances, the defendant must be aware of the condition of community supervision in time to object at trial. *See Dansby v. State*, 448 S.W.3d 441, 447 (Tex. Crim. App. 2014).

According to the prosecutor at the revocation hearing, as part of his plea bargain, the State recommended:

> [T]hat the Court defer adjudication and place the defendant on community supervision for a period of ten years. To assess a fine in the amount of $1,000. To include probation conditions as follows: The sex offender caseload, 150 hours of community service, 120 days Nueces County jail with credit. He should have over 140 by now is my understanding. That he stay away, at least, 200 yards, and not contact in person, online, or by phone, the victim in this case, [E.P.]. And that he also not contact any person under the age of 18. That he pay to the Victim of Crime Fund $100. And $50 to the Crime Stoppers Fund.

3

The trial court accepted Archer's guilty plea, deferred his guilty finding, and placed him on community supervision pursuant to the State's recommended terms.

"As a prerequisite to presenting a complaint on appeal, a party must have made a timely and specific request, objection, or motion to the trial court." *Grant v. State*, 345 S.W.3d 509, 512 (Tex. App.—Waco 2011, pet. ref'd) (citing TEX. R. APP. P. 33.1(a)(1)(A)). "This rule ensures that trial courts are provided an opportunity to correct their own mistakes at the most convenient and appropriate time—when the mistakes are alleged to have been made." *Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002); *see also Mora v. State*, No. 13-11-00177-CR, 2012 WL 2929387, at *2 (Tex. App.—Corpus Christi–Edinburg July 19, 2012, pet. ref'd) (mem. op., not designated for publication).

In the present case, subsequent to the hearing in which he pled guilty, Archer, along with the trial court judge, the community supervision officer, and the district clerk, signed the plea agreement which contained, inter alia, the following sexual offender special conditions:

> DEFENDANT shall not have access to the internet (or any electronic device which provides access to the internet), world wide web, or electronic mail from any computer he/she owns, possesses (including employment), or uses unless permission is granted in writing by the Court.

> DEFENDANT shall not have access to or participate in any "chat" room on the internet or send or receive e-mail messages to any person unless permission is granted in writing by the Court.

Archer did not object to the inclusion of special conditions during the imposition of his conditions of community service, nor did he object to the specific condition he now complains of in the first or second revocation hearing. *See Hull*, 67 S.W.3d at 217.

Archer concedes that in *Speth*, the Texas Court of Criminal Appeals held that a probationer may not challenge the constitutionality of a condition of probation for the first

4

time on appeal. 6 S.W.3d at 535. However, Archer contends that he falls within an exception allowing him to raise the issue of constitutionality for the first time on appeal. Specifically, he argues that he was without counsel when he signed the list of conditions, that he had no right to appeal, and that the *Packingham* decision rendered the condition unconstitutional a year later. *See Rickels v. State*, 108 S.W.3d 900, 902 (Tex. Crim. App. 2003) (en banc) (finding that appellant could raise an objection to a condition of probation for the first time on appeal where appellant did not have a meaningful opportunity to object to the condition).

Archer was represented by counsel during the plea hearing, as well as during both revocation hearings. In the first revocation hearing, the State moved to revoke on the allegation that Archer had used the internet in violation of the now complained-of condition. Archer pled true, and the trial court continued his community supervision with an admonishment that Archer comply with all conditions. Archer was aware of the condition, at the very latest, as of the first revocation hearing, and he did not object to the condition or file any motion to modify the condition. *See Little v. State*, 376 S.W.3d 217, 221 (Tex. App.—Fort Worth 2012, pet. ref'd) (finding that appellant forfeited his claim for review as he affirmatively accepted the complained-of condition of his community supervision by not objecting to the condition "until it became apparent that the State was going to seek revocation on the basis of the condition's violation").

Archer further argues that this issue can be raised on appeal because *Packingham* was not decided until June 19, 2017, more than a year after his community supervision conditions were imposed. *See Packingham*, 137 S.Ct. at 1730. While the decision in *Packingham* was not decided until after the conditions were imposed, it was decided prior

5

to Archer's second revocation hearing on December 11, 2017, during which he still did not object to the complained-of condition.

Because Archer had the opportunity to object to the application of the special conditions either at the plea hearing or at either revocation hearing and he did not do so, we hold appellant waived any complaint on appeal about the trial court's application of the special condition. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Hull*, 67 S.W.3d at 217–18; *Little*, 376 S.W.3d at 221; *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) ("[A]lmost all error—even constitutional error—may be forfeited if the appellant failed to object.").

Even assuming that Archer had objected under *Packingham*, we are not persuaded that the complained-of condition is unconstitutional under *Packingham*. In *Packingham*, the Supreme Court decided whether a North Carolina statute making it a felony for a registered sex offender to gain access to certain websites, including common social media websites, violated the First Amendment Free Speech Clause. *Id*. at 1733. The Supreme Court found the statute constituted an unconstitutional infringement on an individual's First Amendment rights. *Id*. at 1738.

Here, we are not analyzing a state statute, as in *Packingham*, but rather a condition of community supervision. A similar situation has been addressed by *United States v. Farrell*:

> *Packingham* dealt with a lifetime, state-wide statute restricting the internet access of all registered sex offenders, while this case involves temporary, individual conditions, which are effective only for the duration of Farrell's supervised release. Second, *Packingham*, is devoid of any indication that the Supreme Court's holding extended to conditions of supervised release.

No. 4:06-CR-103, 2018 WL 1035856, at *2 (E.D. Tex. Feb. 23, 2018). Accordingly, because the conditions of Archer's community supervision were not a permanent ban on

internet usage, but rather temporary conditions during his period of supervision, we cannot hold that *Packingham* would render the condition unconstitutional.

Accordingly, Archer's second, third, and fourth issues are overruled.[1]

### III. INSUFFICIENT EVIDENCE

By his fifth issue Archer contends that the trial court erred in revoking on the basis that he did not pay his court costs because the State failed to demonstrate that he was able to pay the fees and that his failure to do so was willful.

**A. Standard of Review and Applicable Law**

We review revocation of community supervision for abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Carreon v. State*, 548 S.W.3d 71, 77 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.). To revoke a defendant's probation, the State need only prove a violation of a condition of the probation by a preponderance of the evidence. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Id.* A single proven violation is all that is needed to affirm a trial court's order revoking a defendant's community supervision. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

---

[1] In Archer's first issue, he contends that the trial court erred by revoking his community supervision based on his use of social media. While Archer's appellate brief states that "[t]he only evidence concerning any social messaging forming a basis for revocation was a message sent to someone who was shown to be 19 years old," he does not argue that there was insufficient evidence to prove he violated the condition. Rather, he bases his contentions on the argument that the condition should not have been a condition at all, and therefore the trial court should not have revoked. Because we have already addressed Archer's contention regarding the constitutionality of the condition, we need not address it again here. Accordingly, Archer's first issue is overruled.

When reviewing an order revoking community supervision, we view all the evidence in the light most favorable to the trial court's ruling. *See Hacker,* 389 S.W.3d at 865. The trial court, as fact-finder, is the sole judge of the credibility of witnesses and the weight to be given to their testimony. *See id.* Thus, if the record supports conflicting inferences, it must be presumed that the trial court resolved any such conflict in favor of its findings. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

## B.      Analysis

Archer argues the State failed to demonstrate he was able to pay the fees and that his failure to do so was willful. The relevant statute states:

> In a revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay community supervision fees or court costs or by failing to pay the costs of legal services as described by Article 42A.301(11), the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.

*See* TEX. CODE CRIM. PROC. ANN. art. 42A.751(i). The clear language of the statute provides that the State only needs to prove the defendant's ability to pay when the failure to pay is the only allegation. *See id*. On the other hand, when the State alleges more than one allegation at the revocation hearing, as in the present case, the State is not required to prove the defendant had the ability to pay or that his failure to do so was willful. *See Gipson v. State*, 428 S.W.3d 107, 113 (Tex. Crim. App. 2014) (Johnson, J., concurring); *see also Farr v. State*, No. 13-17-00297-CR, 2018 WL 4017118, at *4 (Tex. App.—Corpus Christi–Edinburg Aug. 23, 2018, no pet.) (mem. op., not designated for publication).

Though Archer presents no argument as to the sufficiency of the evidence to revoke under the violation internet condition, we note that the State presented a witness

8

who testified that she was nineteen years old and had met Archer through the internet. She testified that Archer sent her a message through Facebook in September of 2017, which led to a conversation and that she ultimately gave Archer her address and he picked her up to spend time together. The witness identified Archer as the man who showed up at her house after the conversation she had with him on Facebook. Viewing this evidence in the light most favorable to the trial court's ruling, we conclude the trial court did not abuse its discretion in finding that Archer had used the internet in violation of his sexual offender conditions of community supervision. *See Hacker*, 389 S.W.3d at 865.

Archer's fifth issue is overruled.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

By his sixth issue, Archer contends that his trial counsel was ineffective for "failing to file a pre-hearing 11.072 petition complaining of the unconstitutionality of the internet prohibition."

## A. Standard of Review and Applicable Law

To sustain a claim of ineffective assistance of counsel, an appellant must prove two factors: (1) that counsel made errors so serious that counsel was no longer functioning as "counsel" under the Sixth Amendment, and (2) that the errors prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Ineffective assistance claims are subject to a strong presumption of reasonable trial strategy which an appellant must overcome. *See Strickland*, 466 U.S.

9

at 689; *Ex parte Bryant*, 448 S.W.3d 29, 39 (Tex. Crim. App. 2014); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc).

Generally, in order to satisfy the requirement of proving that the errors prejudiced the defense, an appellant must show a reasonable probability that the proceedings would have been different but for counsel's error. *See Strickland*, 466 U.S. at 689; *Ex parte Bryant*, 448 S.W.3d at 39; *Thompson*, 9 S.W.3d at 812.

## B.    Analysis

Archer argues that his counsel was ineffective for failing to argue that the internet prohibition condition was unconstitutional under *Packingham*. *See* 137 S. Ct. at 1730. Archer's argument is premised on his underlying claim that the condition was unconstitutional; however, we have already determined that the condition was not unconstitutional under *Packingham*. Therefore, because the condition of community supervision of which Archer now complains is not unconstitutional, his counsel was not deficient in failing to present such an argument in a petition for writ of habeas corpus. Having failed to meet the first prong under *Strickland*, Archer's sixth issue is overruled. *See Strickland*, 466 U.S. at 689.

## V.    CONCLUSION

The judgment of the trial court is affirmed.


NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of May, 2019.

10